IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN | § | |
| | § | |
| VS. | § | |
| | § | Civil Action No. 2:10-CV-00173 |
| VIGILANT VIDEO, INC. and THE CITY | § | |
| OF PORT ARTHUR, TEXAS | § | |

**ORIGINAL ANSWER OF DEFENDANT, CITY OF PORT ARTHUR, TEXAS
TO THE COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CITY OF PORT ARTHUR, TEXAS nominated Defendant in the above-entitled and numbered cause, and in answer to the Complaint for Patent Infringement would respectfully show unto the Court the following:

**I.
MOTION TO DISMISS**

Pursuant to F.R.C.P. 12(b)6, Defendant, CITY OF PORT ARTHUR, TEXAS, asserts it is entitled to sovereign immunity pursuant to TEX. CIV. PRAC. & REM. CODE §101.001 *et. seq.* Plaintiff has not pled a waiver of said sovereign immunity, Defendant is a governmental entity afforded protections under said act, and the claims against it are barred and should be dismissed pursuant to the above referenced statute. Defendant, CITY OF PORT ARTHUR, TEXAS, respectfully requests this Court enter an order dismissing any claims by the Plaintiff against Defendant herein.

**II.**

In answer to the numbered paragraphs of Plaintiff's Complaint for Patent Infringement, Defendant would show unto the court the following:

1.   In answer to Paragraph 1 of Plaintiff's Complaint, Defendant has insufficient information to admit or deny the allegations of Paragraph 1 of Plaintiff's Complaint.

2.   In answer to Paragraph 2 of Plaintiff's Complaint, Defendant has insufficient information to admit or deny the allegations of Paragraph 2 of Plaintiff's Complaint.

3.   In answer to Paragraph 3 of Plaintiff's Complaint, it is admitted Defendant, City of Port Arthur, has been served in this matter and is a municipality with its principal place of business in Jefferson County, Texas. Defendant further admits service of process, but otherwise the allegations of Paragraph 3 of Plaintiff's Complaint are denied.

4.   In answer to Paragraph 4 of Plaintiff's Complaint, Defendant would show this paragraph is one calling for neither an admission nor denial but merely a statement of Plaintiff's action. Defendant denies Plaintiff has any such claim for such action against this Defendant.

5.   In answer to Paragraph 5 of Plaintiff's Complaint, Defendant denies Plaintiff has stated allegations and facts sufficient to overcome Defendant's sovereign immunity, and therefore this Court does not have jurisdiction over Defendant City of Port Arthur, Texas.

6.   In answer to Paragraph 6 of Plaintiff's Complaint, it is admitted for the City of Port Arthur, Texas performing its governmental functions; otherwise, Defendant has insufficient information to admit or deny the allegations of Paragraph 6 of Plaintiff's Complaint and they are therefore denied.

7.   In answer to Paragraph 7 of Plaintiff's Complaint, it is admitted venue would be proper if jurisdiction exists over Defendant, City of Port Arthur, Texas, in the Eastern District of Texas. However, Defendant would further show the Marshall Division is hundreds of miles from Defendant, City of Port Arthur, Texas, and is an inconvenient division for this cause of action. A more convenient division for this cause of action would be the Beaumont Division for the Eastern District of Texas.

8. In answer to Paragraph 8 of Plaintiff's Complaint, Defendant has insufficient information to admit or deny the allegations contained in this paragraph and they are therefore denied.

9. In answer to Paragraph 9 of Plaintiff's Complaint, Defendant has insufficient information to admit or deny the allegations contained in this paragraph and they are therefore denied.

10. In answer to Paragraph 10 of Plaintiff's Complaint, Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11. In answer to Paragraph 11 of Plaintiff's Complaint, Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12. In answer to Paragraph 12 of Plaintiff's Complaint, Defendant denies the allegations of Paragraph 12 of Plaintiff's Complaint.

13. In answer to Paragraph 13 of Plaintiff's Complaint, Defendant denies the allegations of Paragraph 13 of Plaintiff's Complaint.

14. In answer to the Prayer and its sub-parts of Plaintiff's Complaint, Defendant denies Plaintiff is entitled to any of the relief sought and further denies that Plaintiff has suffered any type of injury as a result of any wrongful conduct of Defendant.

### III.

Further answering Plaintiff's Complaint, if such be necessary, and without waiving the above and foregoing special exceptions, but ever insisting upon each of them, Defendant generally denies each and every, all and singular the allegations of said Complaint and states that same are not true, in whole or in part, and demand strict proof thereof.

### IV.

By way of further affirmative defense, and if necessary in the alternative, Defendant respectfully denies the Plaintiff sustained any damages which were caused or produced by any actions or omissions or intentional acts or omissions of Defendant.

V.

By way of further affirmative defense, and if necessary in the alternative, Defendant respectfully states Defendant acted in reliance upon the laws of the State of Texas, local ordinances, rules, regulations, customs, practices, etc. which are, and at all times pertinent hereto, valid and constitutional.

VI.

By way of further affirmative defense, and if necessary in the alternative, Defendant respectfully states Defendant's actions were reasonable, objectively and otherwise, under the circumstances then existing.

VII.

By way of further affirmative defense, and if necessary in the alternative, Defendant invokes the defenses available under TEX. CIV. PRAC. & REM. CODE § 101.056 and furthermore states any alleged action by Defendant involved discretionary powers for which Defendant is exempted from liability under the Texas Tort Claims Act.

VIII.

By way of further affirmative defense, and if necessary in the alternative, Defendant invokes each and every defense and limitation available under Title 5 of the TEX. CIV. PRAC. & REM. CODE regarding governmental liability, and specifically asserts Defendant's rights to governmental immunity in the above referenced cause of action.

IX.

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts each and every defense Defendant has under TEX. CIV. PRAC. & REM. CODE § 101.023 regarding limitation of amount of liability.

**X.**

By way of further affirmative defense, and if necessary in the alternative, Defendant invokes the defenses regarding immunity available under § 101.001 et. seq. of the TEX. CIV. PRAC. & REM. CODE.

**XI.**

By way of further affirmative defense, and if necessary in the alternative, Defendant further asserts the claims made the basis of this cause of action against Defendant involve allegations concerning governmental functions for which Defendant is either protected from liability or exempted from liability under the Texas Tort Claims Act.

**XII.**

By way of further affirmative defense, and if necessary in the alternative, Defendant City of Port Arthur, Texas would show the actions of Defendant's employees were objectively reasonable in light of the facts and circumstances surrounding the incident.

**XIII.**

By way of further affirmative defense, and if necessary in the alternative, Defendant would show that if the Plaintiff sustained any damages and/or property damages, as alleged, which is hereby specifically denied, that such damages, if any, were solely, directly, and/or proximately caused and/or contributed to by one or more negligent acts, wrongs, omissions or misconduct by the Plaintiff or persons or entities over which Defendant has no control. Further, Defendant did not cause Plaintiff any damages.

**XIV.**

By way of further affirmative defense, and if necessary in the alternative, Defendant would show that Defendant cannot be liable under the Texas Tort Claims Act as Plaintiff was not

damaged by any operation or use of a motor driven vehicle nor motor driven equipment and therefore, Plaintiff cannot maintain a property damage claim against a governmental entity under the Texas Tort Claims Act. *See* § 101.021(1)(A) and (B).

## XV.

By way of further affirmative defense, and if necessary in the alternative, it is Defendant's position that this Court lacks jurisdiction over Plaintiff's claims, as the facts pled and the facts that will be put into evidence will not support any jurisdiction in this matter, as Defendant City of Port Arthur, Texas is entitled to sovereign immunity and there is no waiver of same through any State statute or State constitutional provision.

## XVI.

By way of further affirmative defense, and if necessary in the alternative, Defendant City of Port Arthur, Texas denies Defendant infringed on any patent.

## XVII.

Defendant reserves the right to further plead such exceptions and affirmative defenses as required in order that justice may be had at the trial of this matter on its merits.

WHEREFORE, PREMISES CONSIDERED, Defendant, CITY OF PORT ARTHUR, TEXAS, prays that Plaintiff take nothing by reason of Plaintiff's suit and that Defendant recover Defendant's costs, and for such other and further relief, both general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**CALVERT EAVES CLARKE & STELLY, L.L.P.**
Beaumont Tower
2615 Calder, Suite 1070
Beaumont, Texas 77702
Phone: (409) 832-8885
Fax: (409) 832-8886

By: _____
Frank D. Calvert
State Bar No. 03667700

ATTORNEYS FOR DEFENDANT,
CITY OF PORT ARTHUR, TEXAS

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished to all counsel of record by:

_____ United States Certified Mail, return receipt requested

_____ Hand-Delivery

_____ Federal Express

__X__ Telefacsimile

_____ Other

on this __18th__ day of __June__, 2010.

_____
Frank D. Calvert