# Exhibit C



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

MARK S. HUBERT

2300 SW FIRST AVENUE

SUITE 101

PORTLAND, OR 97201

MAILED

FEB 10 2012

CENTRAL REEXAMINATION UNIT

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. _90/011,233_.

PATENT NO. _5,831,669_.

ART UNIT _3992_.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,233 | 09/14/2010 | 5,831,669 | JBA-29520US1 | 2185 |

| 116 | 7590 | 02/10/2012 | EXAMINER |
|---|---|---|---|

PEARNE & GORDON LLP
1801 EAST 9TH STREET
SUITE 1200
CLEVELAND, OH  44114-3108

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 02/10/2012

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| *Ex Parte Reexamination* **Advisory Action** *Before the Filing of an Appeal Brief* | Control No. 90/011,233 | Patent Under Reexamination 5,831,669 |
|---|---|---|
| | Examiner HENRY N. TRAN | Art Unit 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

THE PROPOSED RESPONSE FILED <u>19 January 2012</u> FAILS TO OVERCOME ALL OF THE REJECTIONS IN THE FINAL REJECTION MAILED <u>23 November 2011</u>.

1. ☒ Unless a timely appeal is filed, or other appropriate action by the patent owner is taken to overcome all of the outstanding rejection(s), this prosecution of the present *ex parte* reexamination proceeding WILL BE TERMINATED and a Notice of Intent to Issue *Ex Parte* Reexamination Certificate will be mailed in due course. Any finally rejected claims, or claims objected to, will be CANCELLED.
   THE PERIOD FOR RESPONSE IS EXTENDED TO RUN <u>3</u> MONTHS FROM THE MAILING DATE OF THE FINAL REJECTION. Extensions of time are governed by 37 CFR 1.550(c).

<u>NOTICE OF APPEAL</u>

2. ☐ An Appeal Brief is due two months from the date of the Notice of Appeal filed on _____ to avoid dismissal of the appeal. See 37 CFR 41.37(a). Extensions of time are governed by 37 CFR 1.550(c). See 37 CFR 41.37(e).

<u>AMENDMENTS</u>

3. ☒ The proposed amendment(s) filed after a final action, but prior to the date of filing a brief, will <u>not</u> be entered because:
   (a) ☒ They raise new issues that would require further consideration and/or search (see NOTE below);
   (b) ☐ They raise the issue of new matter (see NOTE below);
   (c) ☒ They are not deemed to place the proceeding in better form for appeal by materially reducing or simplifying the issues for appeal; and/or
   (d) ☒ They present additional claims without canceling a corresponding number of finally rejected claims.
       NOTE: *See Continuation Sheet* (See 37 CFR 1.116 and 41.33(a)).

4. ☐ Patent owner's proposed response filed _____ has overcome the following rejection(s):_____

5. ☐ The proposed new or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

6. ☒ For purposes of appeal, the proposed amendment(s) a)☒ will not be entered, or b)☐ will be entered and an explanation of how the new or amended claim(s) would be rejected is provided below or appended.
   The status of the claim(s) is (or will be) as follows:
   Claim(s) patentable and/or confirmed: _____
   Claim(s) objected to: <u>23 and 27</u>
   Claim(s) rejected: <u>1-3, 7-11, 21, 22, 24-26 and 28-56</u>
   Claim(s) not subject to reexamination: <u>4-6 and 12-20</u>

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

7. ☐ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because patent owner failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

8. ☐ The affidavit or other evidence filed after the date of filing a Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence fails to overcome all rejections under appeal and/or appellant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

9. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

10. ☒ The request for reconsideration has been considered but does NOT place the application in condition for allowance because: *See Continuation Sheet*.

11. ☐ Note the attached Information Disclosure Statement(s), PTO/SB/08, Paper No(s) _____.

12. ☐ Other:_____.

| /HENRY N TRAN/ Primary Examiner, Art Unit 3992 | Conferee: /ALN/ | Conferee: /DJR/ |
|---|---|---|

cc: Requester (if third party requester)

Continuation of 3.(d) NOTE: The patent owner's amendments to the claims raise new issues because the scope of the claims have been changed. The amendments to the claims add three (3) new claims 57-59 without cancelling a corresponding number of finally rejected claims.

Continuation of 10. The request for reconsideration has been considered but does NOT place the application in condition for allowance because:

Patent owner's arguments filed 01/19/2012 have been fully considered but they are not persuasive. Particularly, Patent owner argued that: (i) the finality of the Office action mailed 11/23/2011 is premature; (ii) the amendments to claims 50, 51, 53, and 56 render the double patenting rejection of claims 49-56 moot; (iii) the amendments to claims 21, 24, 25, 29, 30, 42-46, and 48 have overcome the rejections under 35 USC 112 (1) and (2) of claims 21, 24, 25, and 29-48; and (iv) the amended claims recite a digital camera for directly outputting digital image data; whereas Netravali's camera 203 is an analog camera; and Netravali's video disc 101 is analog video disc.

The Examiner rerspecfully disagrees because of the following reasons:
(i) First, the Office action mailed 11/23/2011 was made final is proper because it is necessitated by the patent owner's amendment filed 09/02/2011; see id., section I. 1, page 2 of said Office action;
(ii) Second, the amendments to the claims have overcome the double patenting rejection, and the rejections under 35 USC 112 (1) and (2); however, the amendments to the claims raise new issues as noted in 3. (d) above; and they will not be entered as noted in 6. (a) above; and
(iii) Last, it is noted that:
    a) The newly added amended independent claims 45, 49, 50, 51, 53, 55, and 56 do not recite a "digital camera."
    b) The claim language of the amended claims and/or the specification of the '669 patent does not recite and/or describe any structural arrangement of the term or limitation: "a digital camera"; and if the patent owner contends that the claimed limitation "a digital camera" is different than that of the Netravali's digital camera, the patent owner is invited to provide a support evidence (e.g., a drawing illustrating of a structural arrangement of the claimed "a digital camera") for the record.
    c) As specifically pointed out in the 11/23/2011 Final Office action, Fig. 1 of Netravali's patent (4,611,347) illustrates a monitoring system comprising a camera 203 integrated with an A/D 202, which is reasonably read on the claimed limitation; and Netravali's video disc 101 is not relied upon for the rejection of the claims, see id., section VI. 12. B, pages 12-14 of the 11/23/2011 Final Office action.
    Thus, the rejections of claims as recited in the 11/23/2011 Final Office action are maintained.

Note:

1) Patent owner's statement of the reasons presented at the interview as warranting favorable action for the interview conducted on 07/27/2011 included in page 16 of the amendment filed 09/02/2011 is improper because it was filed neither as a separate part of a response to an Office action nor as a separate paper within one month from the date of the interview, whichever is later, as required under 37 CFR 1.560(b).

2) On 01/31/2012, the Examiner made a telephone call to the patent owner's attorney, Mr. Robert F. Bodi, to remind the patent owner of the submission of a P.O.'s statement for the interview as required under 37 CFR 1.560(b). Patent owner filed the Interview Statement to the Office on 01/31/2012; and which serves as a proper written statement replacing the prior submitted statement.

/HT/
02/03/2012

/ALN/
/DJR/

Appl. No. 90/011,233

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : | John B. ADRAIN |
| Appln. No. | : | 90/011,233 |
| Filed | : | September 14, 2010 |
| Title | : | 1st Reexamination of Patent No. 5,831,669 |
| | | |
| Conf. No. | : | 2185 |
| TC/A.U. | : | 3992 |
| Examiner | : | Henry N. TRAN |
| | | |
| Customer No. | : | 000,116 |
| Docket No. | : | JBA-29520US1 |

Ex Partes Reexamination
Commissioner for Patents
Alexandria, VA 22313-1450

## AMENDMENT B in EX PARTES REEXAMINATION OF U.S.Pat. No. 5,831,669

Sir:

This amendment is filed in response to the Office action of November 23, 2011, which was made final, the response for which is due on January 23, 2012. It is requested that the timely filing of this response be construed to extend the statutory period by an additional month, to February 23, 2012.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Status of Claims and Support for Claim Changes** begin on page 11 of this paper.

**List of Prior of Concurrent Proceedings** are on page 13 of this paper.

**Remarks/Arguments** begin on page 14 of this paper.

**Proof of Service** begins on page 21 of this paper.