IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-173-JRG |
| | § | |
| VIGILANT VIDEO, INC., et al., | § | |
|     Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Before the Court is Plaintiff John B. Adrain's ("Adrain") Emergency Motion to Stay Pending Outcome of Re-Examination ("Motion"). (Dkt. No. 78.) The Court set an expedited briefing schedule (Dkt. No. 79) and the matter has now been fully briefed. After carefully considering the parties' written submissions, the Court DENIES the Motion.

**II.    Facts**

Adrain filed this suit on May 26, 2010, alleging that Defendants Vigilant Video, Inc. ("Vigilant") and The City of Port Arthur, Texas ("Port Arthur") (collectively, "Defendants") infringe claims 1-3 and 6-11 of U.S. Patent No. 5,831,669 ("the '669 patent"). A docket control order was entered in this case over a year ago, setting the *Markman* hearing for April 11, 2012. (Dkt. No. 49.) The discovery deadline for claim construction issues passed on January 15, 2012 and the parties have prepared and exchanged P.R. 4-5(a)-(c) claim construction materials. (Dkt. No. 49.) Jury selection is set for June 3, 2013.

The instant action has proceeded concurrently with reexamination proceedings at the USPTO. Vigilant requested an *ex parte* reexamination proceeding of claims 1-3 and 7-11 of the

'669 patent on September 14, 2010. (Dkt. No. 78.) The patent examiner found that a substantial new question of patentability was raised and the patent entered reexamination. On November 23, 2011, the Examiner issued a final rejection of all claims pending in the reexamination. *Id.*, at 2. Adrain's patent prosecution counsel thereafter filed an amendment after final rejection on January 19, 2012, amending each of the claims. On February 10, 2012 the Examiner issued an Advisory Action that rejected Adrain's January 19, 2012 filing on the grounds that it raised new issues and that it presented additional claims without cancelling a corresponding number of finally rejected claims. *Id.* On February 28, 2012, the Examiner granted Adrain additional time to file a further response to its prior final rejection. *Id.* Adrain filed additional arguments on March 1, 2012. The Examiner has yet to issue the USPTO's decision on this filing. *Id.*

Adrain filed the instant Motion on March 8, 2012, just over one month before the upcoming claim construction hearing. (Dkt. No. 78.) Adrain argues that "[i]t does not make any sense for the Court to spend time construing claims that the PTO has rejected and that have been amended, and thereafter to have a subsequent *Markman* hearing to construe the claims that issue out of re-examination." *Id.* Adrain asks this Court to stay this case pending the resolution of the reexamination proceedings "to conserve the Court's (and the parties') resources. *Id.*

### III.   Applicable Law

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.,* 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear

2

tactical advantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC,* 356 F. Supp. 2d at 662.

## IV.     Analysis

The Court is confronted with an atypical situation where the Plaintiff requests a stay pending reexamination and the Defendants oppose.  Despite this posture, the traditional three-factor test provides the framework for the Court's analysis.

### A.  Granting a Stay Would Prejudice the Defendants

The undue prejudice factor weighs in favor of denying the stay.   Just as Plaintiffs have an interest in the timely enforcement of patent rights, Defendants may also have an interest in the timely resolution of patent infringement cases.   This case has been pending since May 26, 2010 and the Defendants have counterclaimed for Declaratory Judgment of Non-Infringement and Invalidity of the '669 patent. (Dkt. No. 17, at 4.)  With the shadow of patent infringement allegations looming over its day-to-day business activities, there can be no dispute that the Defendants have a justiciable interest in the timely resolution of this case.   The Examiner has not yet indicated whether the most recent amendments and/or arguments will place the pending claims in position for issuance and Adrain will have an opportunity to appeal any rejection of the claims to the BPAI and the Federal Circuit.  The reexamination of the '665 patent is therefore far from complete.   As this Court has repeatedly emphasized, the uncertain outcome of reexamination proceedings often weighs against granting a stay.   *See, e.g., Ambato Media, LLC v. Clarion Co., Ltd., et al.,* 2:09-cv-242, 2012 U.S. Dist. LEXIS 7558, at *6 (E.D. Tex. Jan. 23, 2012).

Further, Adrain's chosen timing of filing the Motion also weighs against staying this case. Despite being well-aware of the efforts and expenses associated with claim construction

proceedings, Adrain chose not to file its Motion to Stay until March 8, 2012 – *after* the joint claim construction statement, opening claim construction brief, and responsive claim construction brief were each prepared and submitted to the Court.   For these reasons, the first factor weighs against granting the requested stay.

    *B.  A Stay Would Not Simplify Issues in this Case*

This Court has previously reasoned that "it is unwilling to adopt a per se rule that patent cases should be stayed during reexamination because some of the relevant claims may be affected."   *Soverain Software LLC*, 356 F. Supp. 2d at 662-63.   In this case, one of the asserted claims (claim 6) is not subject to reexamination and the outcome of the reexamination of the remaining claims is still uncertain.   The Court believes that the simplest approach (especially considering the timing of Adrain's Motion) is to hold the *Markman* hearing as scheduled and to address any changes to the asserted claims when and if they occur.   *Ambato Media, LLC,* 2010 U.S. Dist. LEXIS 7558, at *6 (citations omitted) ("[T]he interest of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold").   The second factor also weighs in favor of denying the motion before the Court.

    *C.  Discovery and Trial*

The third factor, whether discovery is complete and whether a trial date is set, weighs slightly in favor of denying the stay.   For over one year, the parties have known that the *Markman* hearing would be held on April 11, 2012.   The discovery deadline with regard to claim construction issues has already passed and the parties have prepared and filed claim construction briefs.   On the other hand, discovery on the remaining issues in this case is ongoing and the trial is not set scheduled until the summer of 2013.   On balance, this factor weighs slightly against granting the stay.

## V.    Conclusion

As discussed above, all the relevant factors support denying the Motion before the Court. Accordingly, the Court **DENIES** Plaintiff John B. Adrain's Emergency Motion to Stay Pending Outcome of Reexamination.

**So ORDERED and SIGNED this 21st day of March, 2012.**

                                                                     RODNEY GILSTRAP
                                                                      UNITED STATES DISTRICT JUDGE