# EXHIBIT A

# THOMPSON ✦ BOGRÁN, P.C.
A PROFESSIONAL CORPORATION

Roy B. Thompson
Also Admitted in New York
L.L.M. in Taxation

Amy M. Bográn
L.L.M. in Taxation

15938 SW Quarry Rd.
Suite B-6
Lake Oswego, OR 97035

TELEPHONE (503) 245-6600
FACSIMILE (503) 244-8399

RoyThompson@comcast.net
AmyMBogran@comcast.net

July 26, 2012

The Honorable Rodney Gilstrap
US District Court for the
    Eastern District of Texas
100 East Houston Street
Marshall, TX 75670

    Re:    John B. Adrain v. Vigilant Video, Inc. and The City of Port Arthur, Texas
             Civil Action No. 2:10-CV-173
             Letter Brief Concerning Defendants Motion for Summary Judgment
             as to "Image Data"

Dear Judge Gilstrap:

      Defendants Vigilant Video, Inc. and The City of Port Arthur, Texas (herein referred to collectively as "Defendants") respectfully request permission to file a motion for summary judgment as to any asserted patent in the above-captioned patent infringement case.

      The Defendants seek permission to file a motion for summary judgment in this matter in regards to the issue concerning "image data." Pursuant to the Court's recent *Markman* Memorandum Opinion and Order (July 5, 2012), the Court has construed the term "image data" to mean "data related to an image." *Markman Order, p.15.*

      As the Court noted in the "Background and The Patent-In-Suit" discussion of the *Markman Order*, the '669 Patent "discloses a system for monitoring a space with a movably mounted camera, receiving images from the camera, and comparing those images to previously stored images to generate an output." *Markman Order, p. 1.* Thus, one of the central aspects of the '669 Patent is that it compares images to images.

The Honorable Rodney Gilstrap
Adrain v. Vigilant Video, Inc., et al
Letter Brief
July 26, 2012
Page 2

However, if defendants are permitted to move the court for summary judgment, defendants will present evidence, in the form of a Declaration and/or Affidavit from at least one individual who has the appropriate technical expertise, experience and understanding of the Vigilant Video system, which is the focus of plaintiff's claims of infringement, the CarDetector System. This individual will express the opinion that Vigilant Video's CarDetector System does not compare image data to reference image data, nor does the system compare image data to any other image data.

As the witness will explain, the CarDetector System converts a digital image from the camera into an analog signal, ultimately resulting in the images being converted into binary computer code. This binary computer code is converted into a numerical matrix that is evaluated for numerical differences between areas in the matrix. When areas of interest in the matrix are located, they are then extracted and converted into a binary computer code, and then compared internally within a binary matrix, searching for a "closest match" within the binary matrix, which is defined by an ASCII character. The ASCII character strings are not associated with actual images and are not "image data" as defined by the Court.

Further, Defendants will present evidence in the form of a Declaration/Affidavit from another witness, who has the appropriate technical expertise, experience and understanding of the camera utilized by the CarDetector System. This witness will confirm that this camera outputs an analog signal only.

Thus, Defendants will present evidence that if unrebutted by the Plaintiff, will establish that the CarDetector System does not compare image data, digital or otherwise, but instead essentially compares binary code and ASCII characters.

In reviewing the Expert Reports submitted by plaintiff Adrain, neither Expert Report discusses in any manner the issue presented to the Court in this Letter Brief. In particular, John B. Adrain's Report does not address in any manner the operation of the CarDetector System as it pertains to the comparisons of the binary code and ASCII characters discussed above.

Further, plaintiff has abandoned the issue of analog v. digital in this case, essentially admitting that '669 patent is only digitally based.

The Honorable Rodney Gilstrap
Adrain v. Vigilant Video, Inc., et al
Letter Brief
July 26, 2012
Page 3

FRCP 56(a) sets forth the standard of review for summary judgment motions and states in pertinent part: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." It has been noted that the purpose of summary judgment is "to isolate, and then terminate, claims and defenses that are factually unsupported." *Federal Civil Rules Handbook, p. 1120* (2012) citing *Celotex Corp. v. Catrett*, 477 US 317, 323-324, 106 Sct 2548, 2552-2553, 91 LEd2d 265 (1986).

A "genuine dispute" exists when a "rational fact-finder" could find in favor of the non-moving party. However a genuine dispute does not exist by a mere "scintilla" of evidence favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 US 242-247-252, 106 Sct 2505, 91 LEd2d 202 (1986). Finally, summary judgment is appropriately granted when the non-moving party fails to provide sufficient evidence rebutting the motion for summary judgment on an essential element for which the party has the burden of proof at trial. *See e.g., Celotex, supra,* at 323.

Therefore, Defendants have a good faith argument which, if presented in full form to the Court, will present evidence that if unrebutted, would be the basis for the grant of summary judgment in favor of the defendants. Because the Vigilant Video system does not compare "image data" as construed by the court, and the central lynchpin of the operation of the '669 patent is the comparison of images to images, the plaintiff's claims against the defendants should be dismissed.

Sincerely,

Roy B. Thompson

cc: Mark Hubert
Ted Polasek