IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § § § | |
| Plaintiff, | § § | CASE NO. 2:10-cv-173-JRG |
| v. | § § § | |
| VIGILANT VIDEO, INC. and THE CITY OF PORT ARTHUR, TEXAS, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is John B. Adrain's Opposed Motion for Leave to Amend Disclosure of Asserted Claims and Infringement Contentions (Dkt. No. 121), Defendants' Joint Motion for Summary Judgment (Dkt. No. 126), and related briefing. In Adrain's Motion for Leave, Plaintiff seeks to amend its infringement contentions to incorporate newly-issued claims in the reexamined '669 patent, specifically new claims 30-32, 35-39, and 41-42. After carefully considering the parties' written submissions, the Court finds as follows:

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

This suit was originally filed on May 26, 2010 alleging infringement of U.S. Patent No. 5,831,669 ("the '669 patent"). Plaintiff's original infringement contentions asserted claims 1-3 and 6-10 of the '669 patent. On September 14, 2010, Defendant Vigilant filed a request for re-examination of the '669 patent with the USPTO, which was granted. Subsequently, on April 11, 2012, the Court held a *Markman* hearing and issued a Memorandum and Opinion (Dkt. No. 108) on July 5, 2012. Thereafter on August 21, 2012, the USPTO issued a re-examination certificate for

the '669 patent cancelling claim 1, amending claims 2-3 and 7-10 (claims 3 and 10 are determined to be patentable as dependent on an amended claim), and issuing new claims 30-32, 35-39, and 41-42.

Plaintiff Adrain filed the present motion to amend its Infringement Contentions on October 17, 2012 to assert claims 6, 30-32, 35-39, and 41-42 against Defendants. If granted leave to amend, Adrian intends to withdraw assertion of claims 1-3 and 7-10. (Dkt. No. 127, at 1.) Claim 6 was not subject to reexamination and Plaintiff intends to include it in its amended Infringement Contentions.

On November 30, 2012, Defendants filed a Joint Motion for Summary Judgment of Noninfringement in light of the reexamination certificate. Procedurally, discovery closed on January 31, 2013 and jury selection was scheduled for June 3, 2013. However, due to the Court's schedule unrelated to either Motion, the jury selection date has been moved to August 5, 2013.

## II. ANALYSIS

Local Patent Rule 3-6(b) allows a party to supplement its Infringement Contentions "only by order of the Court, which shall be entered only upon a showing of good cause." While the Court has broad discretion to grant motions to amend, it should consider four factors: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Arbitron, Inc. v. Int'l Demographics Inc.*, 2009 WL 166555, at *1 (E.D. Tex. 2009).

Here, the reexamination certificate issued on August 21, 2012 and Adrian sought to amend its Infringement Contentions on October 17, 2012. Adrian could not have amended its contentions

to add newly-issued claims before the reexamination certificate issued, and the Court does not find that the two month interval amounts to an unreasonable delay. Defendant, in its response briefing, appears to demand a fuller explanation for this amendment, but it is unclear to the Court that anything further needs to be said. The Court finds that the first factor is met.

Regarding the second factor, Plaintiff contends the newly-issued claims are important because they do not require the "digital camera" limitation. The originally-asserted dependent claims were all directly or indirectly dependent on claim 1, which did not contain a "digital camera" limitation. However, claim 1 was canceled during reexamination and the claims that depended on claim 1 were amended to depend instead from new claim 51. The new claim 51 contained a "digital camera" limitation and, as a result, that limitation is now imported into the dependent claims. The importance of the "digital camera" limitation is further evidenced by being the main basis of Vigilant's argument in its Motion for Summary Judgment as to why it does not infringe (Dkt. No. 126). The Court finds the second factor weighs in favor of granting leave to amend.

The third factor concerns potential prejudice to the nonmoving party. In an element-by-element comparison of the original claim 1 and the newly-issued claim 30, it is clear that the claims are very similar except for an additional limitation in claim 30 that relates to infrared cameras. (Dkt. No. 121 at 5.) Additionally, the originally-asserted claims 2-3 and 6-10 are identical to the newly-issued claims 31-32 and 35-39, except for the latters' dependence on claim 30 rather than claim 1. (*Id.* at 5-7.) Considering the similarities, the Court disagrees with Vigilant's assertion that these new claims "bear no relationship whatsoever to any of the claims that Plaintiff has pursued throughout this litigation." (Dkt. No. 125 at 6.) It is telling, in the Court's view, that

3

Vigilant does not point to a single term in the re-examined claims that would necessitate additional construction. (Dkt. No. 129 at 4.) Plaintiff submits, and the Court agrees, that no new terms need to be construed from the addition of these claims, and Plaintiff's infringement theories would remain the same. (Dkt. No. 121 at 7.) The Court finds the third factor of prejudice to be *de minimis*, at best, and as such finds this factor weighs in favor of granting leave to amend.

The last factor is the availability of a continuance to cure any potential prejudice. For unrelated reasons, the Court has moved the June 3, 2013 jury selection date to August 5, 2013, giving the parties two more months until trial. Thus, any potential prejudice to Defendants would be alleviated by this unrelated extension of time. Accordingly, the Court finds that the fourth factor also weighs in favor of granting leave.

After weighing each of the four factors, the Court finds that Plaintiff has shown good cause to amend its infringement contentions.

## III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In the Motion for Summary Judgment (Dkt. No. 126), Defendants essentially seek the Court to find that (i) it does not infringe the originally-asserted dependent claims that now depend from claim 51 in the reexamined '669 patent, and (ii) the intervening rights doctrine precludes Plaintiff from claiming damages prior to August 21, 2012, the date the reexamination certificate was issued. As the Court has granted Plaintiff leave to amend its Infringement Contentions, none of the newly-asserted claims depend from claim 51.[1] Accordingly, Defendants' first request is moot and the Court consequently turns to the issue of intervening rights.

The doctrine of intervening rights is codified in 35 USC § 252 and "originated as a defense

---

[1] Claim 6 still exists as originally issued, including its dependence from the canceled claim 1 and original claim 2. *See* § MPEP 2260.01.

4

against patents modified through reissue procedures." *Marine Polymer Technologies, Inc. v. Hemcon, Inc.*, 672 F.3d 1350, 1361 (Fed. Cir. 2012). Two types of intervening rights exist: (1) absolute intervening rights are "intervening rights that abrogate liability for infringing claims added to or modified from the original patent if the accused products were made or used before the reissue," and (2) equitable intervening rights, which are "intervening rights that apply as a matter of judicial discretion to mitigate liability for infringing such claims even as to products made or used after the reissue if the accused infringer made substantial preparations for the infringing activities prior to reissue." *Id.* at 1361-62. The doctrine has since been extended to the context of *ex parte* and *inter partes* reexaminations. *Id.* After a patent emerges from reexamination, absolute and equitable intervening rights are available "to the same extent provided in the reissue statute, but only with respect to 'amended or new' claims in the reexamined patent." *Id.* However, the doctrine of intervening rights applies only where a claim's scope has been substantively changed. *Id.* at 1362.

As the Court has granted Plaintiff leave to amend its Infringement Contentions, Plaintiff now asserts infringement of claims 6, 30-32, 35-39, and 41-42 of the '669 patent. Each of those claims, with the exception of claim 6, was added during reexamination and contains an additional limitation relating to an infrared camera that did not exist in the original '669 patent. Therefore, this new limitation constitutes a substantive change, and the doctrine of intervening rights applies to claims 30-32, 35-39, and 41-42.

The record is clear that claim 6 was not subject to the reexamination proceeding. Under MPEP § 2260.01, the content of the canceled base claim is to be read as a part of the confirmed or allowed dependent claim. The fact that claim 1 was canceled and claim 2 was amended during

5

reexamination does not alter the application of MPEP § 2260.01, so claim 6 still exists as originally issued. As such, the doctrine of intervening rights does not apply to claim 6 because it is neither amended nor new.

Accordingly, the Court finds that the doctrine of intervening rights precludes recovery of damages prior to August 21, 2012 for claims 30-32, 35-39, and 41-42, but not for claim 6 of the '669 patent. The inception date for recovery of damages, if any, for claim 6 of the '669 patent shall be governed by 35 U.S.C. § 286.

## IV. CONCLUSION

Having considered the parties arguments, the Court finds Plaintiff has shown good cause to amend its Infringement Contentions. For the reasons set forth above, Plaintiff's Motion for Leave is hereby **GRANTED.** Defendants' Motion for Summary Judgment is hereby **GRANTED-IN-PART** as to the application of the doctrine of intervening rights as to claims 30-32, 35-39, and 41-42 of the '669 patent, as set forth above, but such Motion for Summary Judgment is **DENIED** in all other respects.

**So ORDERED and SIGNED this 13th day of May, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE