### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

JOHN B. ADRAIN,

       Plaintiff,

      v.

VIGILANT VIDEO, INC.; and THE CITY
OF PORT ARTHUR, TEXAS,

       Defendants.

**Case No.  2:10-cv-173**

**DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE
COURT'S MAY 13, 2013
MEMORANDUM OPINION AND
ORDER (Dkt. No. 181)**

---

### DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)

On May 13, 2013 the Court issued a Memorandum Opinion and Order (Dkt No. 181) regarding two separate motions filed by the Parties in this action: Plaintiff's Motion for Leave to Amend Disclosure of Asserted Claims and Infringement Contentions (Dkt. No. 121) (hereinafter "Motion to Amend") and Defendants Joint Motion for Summary Judgment (Dkt. No. 126) (hereinafter "Motion for Summary Judgment"). For the reasons set forth below, the defendants move the Court for Reconsideration of the Court's May 13, 2013 Memorandum Opinion and Order as to both Motions.

**A.     Factual and Procedural Background Relevant to this Motion for Reconsideration**

On July 26, 2012, pursuant to this Court's Order regarding Summary Judgment Motions, defendants sought permission from the Court to file a Motion for Summary Judgment in this case regarding issues pertaining to "image data" as construed by the Court's July 5, 2012 Markman

**Page 1 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S
MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

Memorandum Opinion and Order. *See Dkt. No. 115*. Thereafter, Defendants, again pursuant to this Court's Order regarding Summary Judgment Motions, sought permission from the Court to file a Motion for Summary Judgment, amending their earlier letter and adding issues to include, but not be limited to, arguments pertaining to digital v. analog issues and non-infringement, citing in part the August 21, 2012 re-examination of the '669 Patent-in-Suit. *See Dkt. No. 118*. The Court granted defendants leave to file a Motion for Summary Judgment on these issues, on October 10, 2012. *See Dkt. No. 120*. On October 17, 2012 plaintiff filed his Motion to Amend with the Court. *See Dkt. No. 121*.[1] On November 30, 2012, Defendants filed their Motion for Summary Judgment. *See Dkt. No. 126*.

All briefs regarding the Motion to Amend, including Defendants' Response in Opposition (*Dkt No. 125*), Plaintiff's Reply (*Dkt. No. 127*), and Defendants' Sur-Reply (*Dkt. No. 129*), were filed with the Court by December 17, 2012. All briefs regarding the Motion for Summary Judgment, including Plaintiff's Response in Opposition (*Dkt No. 132*), Defendants' Reply (*Dkt No. 138*), and Plaintiff's Sur-Reply (*Dkt. No. 145*), were filed with the Court by February 18, 2013.[2]

---

[1]Although Plaintiff moved to Amend his Disclosure of Asserted Claims and Infringement Contentions in this matter, he has not moved to Amend his Complaint in this case (*Dkt. No. 1*), which incorporates by reference in the Complaint, the Original '669 Adrain Patent. (*See Dkt. No. 1-1*). *See Defendants Motion to Dismiss, Dkt. No. 200*.

[2]Defendants note that pursuant to the Docket Control Order (*Dkt No. 49*), discovery in this case closed on January 31, 2013. Further, the plaintiff and defendants were required to identify trial witnesses pursuant to the Docket Control Order on March 15, 2012 (plaintiff) and March 22, 2013 (defendants), dispositive motion and *Daubert* motion deadlines were set for April 30, 2013, filing of Motions in Limine were due on May 13, 2013 (which was amended by Order of the Court to May 15, 2013, *Dkt. No. 161*, which amended the Docket Control Order requiring pre-trial disclosures on May 3, 2013, and service of objections to pre-trial disclosures

**Page 2 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

As noted in Footnote 2, the Pre-Trial Conference in this matter was set for May 20, 2013 and Jury Selection was set for June 3, 2013. (*Dkt. No. 49*).   However on April 24, 2013, the Court, *sua sponte*, reset Jury Selection to commence in this matter on June 7, 2013. *(Dkt. No. 162)*.   Thereafter, the Court, again *sua sponte*, and without an issued Order, reset the Pre-Trial Conference date in this matter to July 16, 2013 and commencement of Jury Selection in this matter to August 5, 2013.[3]   Approximately 3 ½ hours later, the Court issued the Court's Memorandum and Opinion (*Dkt. No. 181*) which is the subject of this Motion to Reconsider.

## B.     Standards for Motions for Reconsideration

Although the Federal Rules of Civil Procedure do not explicitly discuss Motions for Reconsideration, such Motions are allowable under Federal Rules of Civil Procedure 54, 59, and/or 60.  *See e.g., U.S. v. Renda*, 709 F3d 472, 479 (Fifth Cir. 2013) (a motion for reconsideration made pursuant to FRCP 54(b) of an interlocutory order is reviewable under the abuse of discretion standard.) *See also, Katyle v. Penn Nat'l Gaming, Inc.*, 637 F3d 462, n. 4 (4th Cir. 2011).   Further, a motion for reconsideration for an interlocutory order (such as a denial of a motion to dismiss or for summary judgment) is not considered a motion under FRCP 59(e), but should simply be considered a request for the Court to revisit its earlier ruling. *See e.g., Jones v. Bernanke*, 557 F3d 670, 677-78 (DC Cir. 2009).   Notwithstanding this distinction between FRCP 54(b) and FRCP 59(e), a party moving for reconsideration "ordinarily must show '(1) an

_____

on May 8, 2013), the Pre-Trial Conference in this case to take place on May 20, 2013 and jury selection to commence on June 3, 2013.

[3] Defendants note that the Court's May 13, 2013 "Notice of Hearing" which re-set the Pre-Trial Conference and Jury Selection dates, was issued at 11:09am CST by the Court.

**Page 3 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.'" *eTool Development, Inc., et al v. National Semiconductor Corp.*, 881 FSupp2d 745, 750 (*quoting Jacoby v. Trek Bicycle Corp.* 2011 WL 3240445 at 1 (E.D. Tex. July 28, 2011).

Defendants argue that the Court's Memorandum Opinion and Order of May 13, 2013 (Dkt. No. 181) should be reconsidered by the Court in order to correct clear errors of law and/or to prevent manifest injustice upon defendants in this matter as set forth in more detail below.

C.     **The May 13, 2013 Memorandum Opinion and Order**

The Court's May 13, 2013 Memorandum Opinion and Order (hereinafter referred to as the "Court's Order") ruled upon two separate Motions by the parties in this case: Defendants' Motion for Summary Judgment and Plaintiff's Motion to Amend. *Court's Order, p. 1.*

Defendants first point out that the Court's Order lacks sufficient basis upon which to grant the Motion to Amend in this matter. As noted earlier, the original Complaint in this case, *Dkt. No. 1*, has not been amended in this matter to include the Re-Examined '669 Patent, and therefore the Court's Order allowing the Plaintiff to add claims 30-32, 35-39, and 41-42 in this case is unsupported by the actual claims of infringement against defendants in this matter. Because the Complaint itself incorporates by reference and relies upon the original, unre-examined patent as a basis of his complaint against the defendants, his assertion of the new claims is unsupportable because they are not asserted in the case in chief against the defendants. Thus, the Court should reconsider and deny the plaintiff's motion to amend, adding these claims in the case, as clear error exists in the record. *See Defendants Motion to Dismiss, Dkt. No. 200.*

Although Section II is titled "Analysis" in the Court's Order, the Court only analyzed and

discussed in this section Plaintiff's Motion to Amend. *See Court's Order, pp. 2-4.* As the Court

noted, Local Patent Rule 3-6(b) allows a party to supplement its Infringement Contentions "only

by order of the Court, which shall be entered only upon a showing of good case." Thereafter the

Court set forth the four factor test of *Arbitron, Inc. v. Int'l Demographics, Inc.,* 2009 WL 166555

at 1 (E.D. Tex. 2009) which states:

> "While a Court has broad discretion to grant untimely motions to amend
> pleadings, it should consider four factors in ruling on such motions: (1) the
> explanation for the failure to meet the deadline; (2) the importance of the thing
> that would be excluded; (3) potential prejudice in allowing the thing that would be
> excluded; and (4) the availability of a continuance to cure such prejudice. *S&W
> Enters., LLC v. Southtrust Bank of Ala. NA,* 315 F3d 533, 535 (5th Cir. 2003)."
> *Arbitron, supra.*

1.      <u>No Satisfactory Explanation for the Delay was proffered by the Plaintiff</u>

In applying the *Arbitron* factor no. 1, the Court held that the two-month delay between

the August 21, 2012 Reexamination Certificate of the '669 Patent and the Plaintiff's filing of the

Motion to Amend was not an unreasonable delay, essentially adopting the argument by plaintiff

that the delay by plaintiff of two (2) months was excusable. *See Court's Order, p. 3.* At the

outset, it is the burden of the plaintiff in this context to establish diligence, rather than the

opponent to establish lack of diligence, regarding the sought after amendment. *See O2 Micro

Int't Ltd., et al v. Monolithic Power Systems, Inc.,* 467 F3d 1355, 1367 (5th Cir. 2006).   With all

due respect to the Court, defendants believe that the Court erred in finding that the Plaintiff was

diligent. The factual circumstances of this matter are somewhat analogous to the *S&W Enters*

case cited by the *Arbitron* Court *supra.*  In *S&W Enters,* the Court held that plaintiff's motion to

amend three months after the deadline for amendment of pleadings and six months after a Texas

Supreme Court decision, *Wal-Mart Stores, Inc. v. Sturges,* 52 SW 711 (Tex. 2000) (which

**Page 5 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S
MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

clarified the claim for tortious interference with prospective business advantage), was untimely and not a reasonable explanation for the delay. *S&W Enters, supra at 535-536.* The court held that the amendment sought by the plaintiff would add a new cause of action, and came after the plaintiff had taken depositions in the case. *Id.* On appeal, the Fifth Circuit upheld the District Court's ruling, noting that of the four factors (set forth in *Arbitron supra*), three of the four factors weighed against the plaintiff, including that allowing the amendment as sought would require the defendant "to conduct additional discovery."*Id, at 537-538. See also O2 Micro Int't Ltd., supra* at 1367 (where the Court upheld the District Court's finding that the plaintiff's three month delay in seeking to amend its contentions of infringement after learning of the alleged infringement was not diligent or timely).

In this matter, although the Certificate of Reexamination of the '669 Patent was issued on August 21, 2012, the plaintiff had notice of the results of the Re-Exam by as early as May 22, 2012 (*see Exhibit 1; Declaration of Roy Thompson*) and certainly by June 22, 2012 (*see Exhibit 2; Declaration of Roy Thompson*). Both Exhibits 1 and 2, which are excerpts from the File Wrapper of the '669 Patent Re-Examination in the USPTO, indicate that the original Claims (save Claim 6) of the Claims asserted against the defendants were amended and/or cancelled, and that the new claims of 30-32, 35-39, and 41-42 would be patentable.

The Court should reconsider the Order and find that plaintiff did not act diligently in this regards.

2.    The importance of the thing that would be excluded

As to this factor, the Court relied upon Plaintiff's argument that the newly added claims are important in this case because they do not require a digital camera limitation. *See Court's*

*Order, p. 3.* The Court noted the original claims sought against the defendants did not have a digital camera limitation as well, but they had either been amended to rely upon a digital camera limitation under Claim 51, or cancelled, such as Claim 1, in the re-exam. Because the Court construed the main basis of the Defendants' arguments in the Summary Judgment Motion to be based upon the digital camera limitation of Claim 51, it determined the second factor weighed in favor of granting leave to amend. *Id.* Defendants respectively assert that this reasoning is flawed and arbitrary. Although the Court relies in part upon the presence of the digital camera/Claim 51 argument in defendants' Summary Judgment Motion to determine that the importance of the new claims should be allowed, the very case law cited by the Court, the *Arbitron* decision, would suggest otherwise. In *Arbitron,* the Court held that as to the new infringement contentions sought by the plaintiff, which revolved around the discovery of communications of the defendant regarding a proposed sale and/or bid to supply a product, the communications themselves were "of sufficient importance to finding a possible infringing sale under sec. 271(a) as to allow an amendment at this time." *Id, at 2.* However, that situation does not exist in this case. This is not a discovery of possibly new claim under an existing patent (as in *Arbitron*), but a fundamentally different series of Claims of a re-examined Patent asserted in this case.

Effectively, the Court granted the amendment in this case simply to allow the Plaintiff to continue with the prosecution of his claim, after the re-examination of the '669 Patent had fundamentally destroyed the majority of the claims asserted by the plaintiff against the defendants. By using defendants' arguments in the Summary Judgment Motion, (which argued for a digital camera limitation under Claim 51 as applying to Claim 6; which was rejected by the Court in Footnote 1 of the Court's Order), the Court placed defendants in an unfair and arbitrary

**Page 7 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

dilemma in which they were "damned if they do and damned if they don't."  For these reasons, the Court should reconsider the Court's Order on this point and reverse its decision.

3.   <u>The potential prejudice in allowing the thing that would be excluded</u>

The Court held that any potential prejudice to the defendants would be *"de minimis* at best" and found this factor to weigh in favor of the plaintiff. *See Court's Order, pp. 3-4.*

Respectively, the Defendants take strong issue with this position by the Court and finds it noteworthy that the discussion regarding prejudice only takes up two paragraphs in the Court's Order, despite the fact that the motion itself had been pending before the Court since October 17, 2012 (and fully briefed by the parties by December 17, 2012).  Between December 17, 2012 to May 13, 2013, the following deadlines set forth in the Docket Control Order (*Dkt. No. 49*) passed:

- Discovery Deadline (1/31/2013);

- Identification of Trial Witnesses (3/15/2013 and 3/22/2013);

- Deadline for filing of Dispositive Motions and any other motion that may require a hearing (including *Daubert* Motions) (4/3/2013); and

- Response to Dispositive Motions and Daubert Motions (4/30/2013).

Further, both parties filed a Joint Agreed Motion to Modify the Docket Control Order (*Dkt. No. 160)*, which was granted by the Court on 4/23/2013 (*Dkt. No. 161*) which set forth the following dates:

- Service of Pre-Trial Disclosures (including Trial Exhibits, etc.) on 5/3/2013;

- Deadline for Service of Objections to Pre-Trial Disclosures on 5/8/2013; and

- Filing of Motions in Limine on 5/15/2013.

**Page 8 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

In addition, the parties also fully briefed the Court as to Defendants' Summary Judgment Motion by February 18, 2013, the plaintiff filed Motions to Strike the Expert Reports of Defendants Experts, and Defendants moved the Court to allow the submission of Supplemental Reports of Defendants' Experts. *See Dkt. Nos. 155, 156, and 158.*

During this period of time, the Court did not rule on the Motion to Amend nor the Summary Judgment Motion, all while the defendants (and plaintiff) continued to prepare for a trial in this matter, including pre-trial submissions and trial exhibit preparation. Attached is the Declaration of Roy Thompson, paragraph 4, which avers that in his opinion, the thousands of dollars of expenses (including attorney fees and staff time) incurred by the defendants in the trial preparation alone in order to comply with the Court's original schedule set forth above is essentially for naught, as the defendants will now be forced to amend the Verdict Form, the Jury Instructions, the Pre-Trial Order, the Trial Exhibits, the Motions in Limine and the Expert Reports to reflect the Court's Order in this matter.

It is also clear that the Court's Standing Order, requiring a letter brief to the Court seeking permission to file a Summary Judgment Motion in any case before the Court has acted unfairly and prejudicially in this matter. The Defendants filed the Letter Briefs with the Court on July 26, 2012 (*Dkt. No. 115*) and September 14, 2012 (*Dkt. No. 118*) and the Court granted permission by Order on October 10, 2012 (*Dkt. No. 120*). Within a week, the plaintiff filed his Motion to Amend in this case (*Dkt. No. 121*). Essentially, the Order requiring the Letter Briefing to the Court "cued up" the Plaintiff to the issues related directly to the Re-Examination of the '669 Patent and how that Re-Exam affected the claims against the Defendants in this matter. It was not until the Defendants had been able to file their Response to the Motion to Amend (*Dkt. No.*

**Page 9 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

*125*), were the Defendants able to finally file the Summary Judgment Motion on 11/30/2012 (*Dkt. No. 126*).

Thus, the granting of the Motion to Amend at such a late date in this matter is, despite the "*de minimis*" finding by the Court, highly prejudicial to the Defendants in this case for the reasons set forth above.  It is noteworthy in the Court's Order that the Court states that "Vigilant does not point to a single term in the re-examined claims that would necessitate additional construction. (Dkt. No. 129 at 4)." *Court's Order, p. 4.*  Respectfully, this is incorrect.  First, the Document cited by the Court is the Sur-Reply by Vigilant.  However, in Defendant's Response to the Motion to Amend (*see Dkt. No. 125 at 6*), the Defendants wrote:

> "All of the claims that Plaintiff proposes via amendment derive from a <u>heretofore nonexistent</u> claim (Claim 30), and the new claims – *viz.*, 30-32, 35-39, and 41-42 – bear no relationship whatsoever to any of the claims that Plaintiff has pursued throughout this litigation – *viz.*, 1-3 and 6-10.  Indeed, new **Claim 30 now includes brand new terminology that would necessitate a new *Markman* process, *viz.*: 'RADAR, thermal, or infrared images or for detecting images through an opaque material.'** And Claims 41 and 42 bear altogether new language as well." (Underline emphasis in original, Bold emphasis added).

Therefore, the Court and the Plaintiff have been on Notice as early as November 26, 2012 that the Defendants' position on the new terminology above would require *Markman* briefing and a hearing.  Defendants respectfully request the Court reconsider the Court's finding on this point and find that the Defendants are severely prejudiced by the Court's Order allowing the amendment as sought by Plaintiff.

    4.    <u>The availability of a continuance to cure any potential prejudice.</u>

On this point, the Court, wrote that it had "moved the June 3, 2013 jury selection date to August 5, 2013, giving the parties two more months until trial.  Thus, any potential prejudice to

**Page 10 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

Defendants would be alleviated by this unrelated extension of time." *Court's Order, p. 4.* First

it should be noted that the Court had previously *sua sponte* moved the June 3, 2013 jury selection

date to June 7, 2013, without any discussion or consultation with the parties. Thus, the Court

apparently forgot its own activities in this regard while writing this Memorandum Opinion and

Order. Further, although the Court did move the Jury Selection Date to August 5, 2013, the

Court did not notify nor inquire with the parties whether the new dates chosen by the Court,

approximately 3 ½ hours prior to issuing the Memorandum Opinion and Order, conflicted with

any schedules, including other trials and/or vacation plans of defendants representatives,

witnesses, or counsel. These dates do in fact cause conflict, and will be subject to a Motion for

Set-Over to be filed separately by Defendants.

More importantly, the Defendants seek the Court's reconsideration, and find that two

additional months is simply not enough time in which to allow defendants to prepare an entirely

new defense against claims that have until May 13, 2013, never been asserted against the

Defendants. Defendants will require additional discovery, including depositions of Adrain (both

as a fact and expert witness); Defendants will seek a new *Markman* process; Defendants will be

required to respond to the Contentions of Infringement; and Defendants will be required to

rework all Expert Reports, Jury Instructions, Verdict Forms, Motions in Limine, and the Pre-

Trial Order (now by July 2, 2013 by Court Order) to reflect on these new claims. Two months,

with less than that for preparation of all the above is simply not enough time.

## D.     Defendants' Summary Judgment Motion

Defendants request the Court to reconsider the findings as to the Motion for Summary

Judgment, related to Defendants' argument that they do not infringe the originally asserted

**Page 11 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S
MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

claims of the '669 Patent (1-3, 6-10) because the re-exam of the '669 Patent fundamentally

altered the dependency of the claims of '669 to require a digital camera. The Court found that

because the Court granted the Motion to Amend, and held (in Footnote 1) that Claim 6 "still

exists as originally issued, including its dependence from the cancelled claim 1 and the original

claim 2. *See MPEP 2260.01*," that this argument was "moot." *Court's Order, p. 4*. Defendants

seek the Court's reconsideration on this issue and enter an Amended Order that finds as follows:

     1.    <u>The Motion for Summary Judgment is granted as to Claims 1-3, and 7-10 in favor of Defendants.</u>[4]

Because Plaintiff abandoned his assertion of Claims 1-3 and 7-10 against the Defendants

only after Defendants filed their Motion for Summary Judgment, the effect would be a mandatory

ruling in favor of Defendants on this issue. As FRCP 56(a) clearly states: "The court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact

and that the movant is entitled to judgment as a matter of law." Here, the Defendants have met

this burden as to Claims 1-3, and 7-10. Simply because Plaintiff sought to Amend the

Contentions of Infringement in this matter did not abrogate the duty of the Plaintiff to meet the

evidence submitted as part of Defendants' Motion for Summary Judgment on the Claims that

were present and alleged against Defendants until the May 13, 2013 Order (when the Court

granted the Motion to Amend). In fact, almost the entirety of Plaintiff's response in the

---

[4] This issue is important and necessary as the Defendants have previously served upon the Plaintiff an Offer of Judgment in this matter. *See Exhibit 3*. It is Defendants' position that the issue was not "moot" as the Court found, because the Motion to Amend did not discuss in any form that Plaintiff intended to withdraw Claims 1-3, 7-10 from the Case. It was only after Defendants had responded to the Motion to Amend and filed their Motion for Summary Judgment did Plaintiff indicate in his Reply Brief in support of the Motion to Amend (*Dkt. No. 127*) that Plaintiff intended to withdraw claims 1-3 and 7-10. *See Sealed Reply, p. 1*.

**Page 12 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

Summary Judgment motion is not addressing the arguments as to Claims 1-3 and 7-10, but instead arguing that Court should focus upon the added claims to the re-examined '669 Patent which were the focus of the Motion to Amend.  Thus, plaintiff failed to meet its burden on this issue, as required by FRCP 56, and the Court should Amend the Order and grant Defendants' Motion for Summary Judgment at to Claims 1-3 and 7-10 of the Patent which is asserted against the Defendants in this case.  *See Dkt. No. 1 and Dkt. No. 1-1.*

2.    Claim 6 depends upon amended Claim 2 and new Claim 51, and therefore Summary Judgment is granted as to Claim 6

Defendants respectively urge the Court to reconsider the Court's finding in Footnote 1, wherein the Court, without any discussion or explanation, states that Claim 6 depends on the "canceled claim 1 and original claim 2," citing only MPEP Section 2260.01.  *Court's Order, p. 4, footnote 1.*  This is necessary because the court's finding on this point is "clear error."  *See eTool Development, supra*, 881 FSupp2d at 750.

As argued in Defendants Reply Brief in Support of the Motion for Summary Judgment, the concept of "argument based estoppel" in this context "prevents a patentee from asserting a larger scope of coverage of the claims than he has disavowed, despite the wording of the claim."  *See Dkt. No. 138, p. 14.*  As Defendants further noted on this issue, the Plaintiff himself wrote that because of the prior art of *Netravali*, Claim 2 (and others) is patentable because of the dependencies to the new claims of 51 and 52 of the '669 Patent.  *Dkt. No. 138, pp. 15-16.*  Therefore, and using plaintiff's own arguments to the USPTO, Claim 2 of the '669 Patent is only patentable with a digital camera limitation provided by Claim 51.  *Dkt. No. 138, p. 16.*  Because Claim 2 requires the digital limitation of Claim 51, that means that Claim 6 requires the digital

**Page 13 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

camera limitation as well, which in turns means that Claim 6 is not "otherwise allowable per

MPEP Sec. 2260.01 as apparently found by the Court in Footnote 1 of the Court's Order at p. 4.[5]

The Court's cursory finding of Claim 6's dependency in the Court's Order is clear error

and should be reconsidered by the Court.

## CONCLUSION

For the reasons set forth above, the Court's Memorandum Opinion and Order of May 13,

2013 (Dkt. No. 181) should be reconsidered by the Court in order to correct clear errors of law

and/or to prevent manifest injustice upon defendants in this matter.

DATED: May 21, 2013                    **THOMPSON & BOGRÁN, P.C.**


                                       s/Roy B. Thompson

                                       _____
                                       Roy B. Thompson, OSB 82501
                                       15938 SW Quarry Rd., Suite B-6
                                       Lake Oswego, OR 97035
                                       Telephone:     503-245-6600
                                       Cellphone:     503-381-9945
                                       Facsimile:     503-244-8399
                                       E-mail:        roythompson@comcast.net
                                       Of Attorneys for Defendants Vigilant Video and
                                       The City of Port Arthur, Texas

---

[5]It goes without saying that based upon plaintiffs own statements to the USPTO as discussed above, because of the prior art of *Netravali*, the cursory finding by the Court of the dependency of Claim 6 to the original Claim 2 and the cancelled Claim 1, does not save the day for the Plaintiff. Because the Plaintiff has admitted to the USPTO that *Netravali* is prior art and is the basis for the cancellation of Claim 1 of the original patent, Claim 6 must be invalid as well.

**Page 14 - DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)** on the following:

<u>All Counsel Signed up for Electronic Notifications</u>

electronically via the Court's CM/ECF system.


DATED: May 21, 2013                    **THOMPSON BOGRÁN, P.C.**

                                       /s/ Roy B. Thompson
                                       Roy B. Thompson, OSB 82501 (*pro hac vice*)
                                       15938 Quarry Road, Suite B-6
                                       Lake Oswego, OR 97035
                                       Telephone:    503-245-6600
                                       Cellphone:    503-381-9945
                                       Facsimile:    503-244-8399
                                       **E-mail:      roythompson@comcast.net**
                                       Attorney for Defendant Vigilant Video Inc.