IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:10-cv-173 |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| VIGILANT VIDEO, INC. and THE CITY OF PORT ARTHUR, TEXAS, | § § § | |
| | § | |
| *Defendants*. | § | |

**JOHN B. ADRAIN'S SUR-REPLY TO DEFENDANTS' REPLY TO ADRAIN'S OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER CLAIM CONSTRUCTION (MARKMAN) ORDER**

John T. Polasek
C. Dale Quisenberry
Jeffrey S. David
Polasek, Quisenberry & Errington, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

Russell Smith
State Bar No. 18682310
rsmith@fairchildlawfirm.com
Fairchild, Price, Haley, & Smith, L.L.P.
1801 North Street
Nacogdoches, Texas  75963-1668
Telephone: (936) 569-2327
Facsimile: (936) 569-7932

Otis W. Carroll
State Bar No. 03895700
nancy@icklaw.com
Deborah Race
State Bar No. 16448700
fedserve@icklaw.com
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas  75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

*Attorneys for Plaintiff*

Vigilant's Reply (Doc. 208) confirms that its motion for reconsideration is meritless. Adrain requests that the Court consider Vigilant's refusal to withdraw its motion in an exceptional case determination.  Adrain sets forth the following points in response to Vigilant's Reply:

- In its Reply, Vigilant asserts that its motion to reconsider is "not moot as defendants have submitted a motion to reconsider the Court's May 13, 2013 order." (Doc. 208, p. 1). Vigilant is avoiding the issue.  Vigilant should have withdrawn the instant reconsideration motion, Doc. 170, because this issue was addressed in the Court's May 13, 2013 order.  Instead, Vigilant's tactics unnecessarily waste Adrain's and the Court's resources.  The Court on May 13, 2013 disposed of the very issue in Vigilant's present motion – whether claim 6 depends from claim 1 or claim 51.  The Court correctly rejected Vigilant's efforts to read in the word "digital" into "image data" in its July 5, 2012 Claim Construction Order and in its May 13, 2013 order correctly rejected Vigilant's argument that original claim 6 depends from reexamination claim 51. (Vigilant appears to concede this as its "claim 51 argument" no longer appears in its Reply).

- Vigilant now encourages the Court to create an inconsistency in the claim interpretation, requesting that the Court now interpret the phrase "image data" to be in some instances "image data" and yet in other instances be "digital image data." This defies basic patent principles.  See *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001) ("a claim term should be construed consistently with its appearance in other places in the same claim or in other claims of the same patent.")

- Defendants have also mis-stated *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322 (Fed. Cir. 2006), asserting that the Court in that case "interpreted 'gap' to mean different things for different claims." (Doc. 208, p.3).  To the contrary, the Federal Circuit applied well established case law that "the same terms appearing in different claims in the same patent – e.g. 'gap' in claims 1 and 15 – should have the same meaning unless it is clear from the specification and prosecution history that the terms have different meanings at different portions of the claims."  *Id*. at 1328.  As the Federal Circuit said: "the claims use the term 'gap' <u>but then modify it differently</u> to suggest differences in the geometry of the 'gap' in the various claims."  *Id*. (underlining added).  Likewise "image data" has one meaning.

Adrain requests that Vigilant's motion be denied and that its refusal to withdraw its motion for reconsideration (Doc. 170) be considered subsequently in an exceptional case determination.

                            Respectfully submitted,

Dated:  June 4, 2013       By:   /s/John T. Polasek
                                      John T. Polasek
                                      Texas Bar. No. 16088590
                                      tpolasek@pqelaw.com
                                      C. Dale Quisenberry
                                      Texas Bar No. 24005040
                                      dquisenberry@pqelaw.com
                                      Jeffrey S. David
                                      Texas Bar No. 24053171
                                      jdavid@pqelaw.com
                                      POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
                                      6750 West Loop South, Suite 920
                                      Bellaire, Texas 77401
                                      Telephone: (832) 778-6000
                                      Facsimile: (832) 778-6010

Otis W. Carroll
State Bar No. 03895700
nancy@icklaw.com
Deborah Race
State Bar No. 16448700
fedserve@icklaw.com
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
Capshaw DeRieux, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Russell R. Smith
State Bar No. 18682310
rsmith@fairchildlawfirm.com
Fairchild, Price, Haley, & Smith, L.L.P.
1801 North Street
Nacogdoches, Texas 75963-1668
Telephone: (936) 569-2327
Facsimile: (936) 569-7932

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 4th day of June, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ John T. Polasek