IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:10-cv-173 |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| VIGILANT VIDEO, INC. and THE CITY OF PORT ARTHUR, TEXAS, | § | |
| | § | |
| | § | |
| *Vigilant*. | § | |

**ADRAIN'S OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER**

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................ 1

II.    BACKGROUND ......................................................................................................... 1

III.   LEGAL AUTHORITY ................................................................................................ 2

       A.   Reconsidering a Judgment is an Extraordinary, Disfavored Remedy ................ 2

       B.   Standard for Motions for Leave to Amend Contentions ..................................... 4

IV.    ARGUMENT ............................................................................................................... 4

       A.   The Court Correctly Ruled on Adrain's Motion to Amend His Disclosure
            Of Asserted Claims ............................................................................................. 4

            1.   Adrain was diligent ................................................................................... 4

            2.   The importance of the thing that would be excluded ................................ 6

            3.   Prejudice .................................................................................................... 7

            4.   The availability of a continuance .............................................................. 8

       B.   The Court Correctly Ruled on Vigilant's Motion for Summary Judgment ........... 9

            1.   Claims 1-3 and 7-10 are withdrawn ........................................................... 9

            2.   The Court did not err in its holding regarding claim 6 ............................ 10

V.     CONCLUSION .......................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Andrews v. United States*,
  2007 U.S. Dist. LEXIS 58772 (E.D.Tex. Aug. 10, 2007) ............................................. 3, 10

*Arbitron, Inc. v. Int'l Demographics Inc.*,
  2009 U.S. Dist. LEXIS 3191 (E.D.Tex. Jan. 16, 2009) .................................................. 4, 6

*Clower v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 30093 (E.D.Tex. Mar. 7, 2012) ...................................................... 3

*Crouch v. J.C. Penney Corporation, Inc.*,
  564 F. Supp. 2d 636 (E.D.Tex. 2008) ................................................................................. 3

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*,
  881 F. Supp. 2d 745 (E.D. Tex. 2012) ................................................................................ 3

*Fox Group, Inc. v. Cree, Inc.*,
  700 F.3d 1300 (Fed. Cir. 2012) ...................................................................................... 9, 10

*O2 Micro Int'l, Ltd. V. Monolithic Power Sys.*,
  467 F.3d 1355 (Fed. Cir. 2006) ........................................................................................... 5

*Precision Energy Servs. v. Thrubit*, LLC,
  2013 U.S. Dist. LEXIS 67821 (S.D. Tex. May 13, 2013) .................................................. 2

*PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*,
  81 F.3d 1412 (5th Cir. 1996) ............................................................................................... 2

*S&W Enters., LLC v. Southtrust Bank of Ala. NA*,
  315 F.3d 533 (5th Cir. 2003) ............................................................................................... 5

*Templet v. Hydrochem Inc.*,
  367 F.3d 473 (5th Cir. 2004) ............................................................................................... 3

*Westerngeco L.L.C. v. ION Geophysical Corp.*,
  2011 U.S. Dist. LEXIS 91326 (S.D. Tex. Aug. 15, 2011) .................................................. 3

**Rules**

Fed. R. Civ. P. 54 ........................................................................................................................ 2, 3

Fed. R. Civ. P. 59 ........................................................................................................................ 2, 3

## I. INTRODUCTION

Vigilant Video, Inc.'s and the City of Port Arthur, Texas's (collectively "Vigilant") Motion for Reconsideration (Doc. 202) is another example of Vigilant's repeated attempts to get a second (or third) chance to re-urge old arguments, needlessly driving up the cost of this litigation and wasting resources. Vigilant has not shown that the Court erred in granting Adrain's motion to amend his disclosure of asserted claims and infringement contentions. Likewise, Vigilant has not shown that the Court erred in denying Vigilant's motion for summary judgment. Vigilant's Motion offers no new evidence or law, nor has it shown that the Court committed any legal error or any other manifest injustice.

## II. BACKGROUND

On October 10, 2012, Adrain's counsel emailed Vigilant's counsel, advising that Adrain would be moving to amend his infringement contentions. (David Dec., ¶ 3, Ex. 1). Because of Vigilant's counsel's unavailability, the meet and confer did not occur until October 17, 2012, and Adrain's motion to amend was filed promptly on October 17, 2012. (Doc. 121); (David Dec., ¶ 4, Ex. 2). Adrain filed his motion less than two months from the date the Reexamination Certificate for the '669 patent issued (August 21, 2012) and within one month from the depositions of Vigilant's 30(b)(6) witnesses (September 20, 2012 and September 24, 2012). (Doc. 121, p. 2). The Court granted Adrain's motion to amend on May 13, 2013.

Vigilant filed its motion for summary judgment on November 30, 2012 (Doc. 126), seeking a ruling that Vigilant does not infringe claim 51 of the reexamined '669 patent and that the intervening rights doctrine applies. (Doc. 181, p. 4). On May 13, 2013, the Court ruled that Vigilant's first issue was moot, as none of Adrain's newly-asserted claims depend from Claim 51 of the '669 patent. (Doc. 181, p. 4). The Court held that claim 6 exists "as originally issued, including its dependence

from canceled claim 1 and original claim 2." (Doc. 181, p. 4, n. 1). The Court further held that "The record is clear that claim 6 was not subject to the reexamination proceeding. Under MPEP § 2260.01, the content of the canceled base claim is to be read as a part of the confirmed or allowed dependent claim. The fact that claim 1 was canceled and claim 2 was amended during reexamination does not alter the application of MPEP § 2260.01, so claim 6 still exists as originally issued." (Doc. 181, pp. 5-6).

Vigilant filed its motion to reconsider the Court's May 13, 2012 ruling, in yet *another* attempt to rehash their same arguments. (Doc. 202). Vigilant offers no new factual evidence or legal arguments in support of their position that the Court erred in its ruling. Rather, Vigilant merely states its general disagreement with the Court's ruling and recycles its old arguments from their summary judgment briefing. Vigilant's motion does not establish that the Court erred in its May 13, 2013 ruling.[1]

### III.   LEGAL AUTHORITY

#### A.   Reconsidering a Judgment is an Extraordinary, Disfavored Remedy

"Rule 54(b) motions are disfavored and should be granted only 'when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Precision Energy Servs. v. Thrubit*, LLC, 2013 U.S. Dist. LEXIS 67821 (S.D. Tex. May 13, 2013) (quoting *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996)). The same considerations that apply to Rule 59(e) motions apply to Rule 54(b) motions, including "whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification." *Nierman v. Ohio Cas. Ins. Co.*, 2012 U.S. Dist. LEXIS 42904, *8 (W.D. La. Mar. 28, 2012).

---

1   On May 30, 2013, Vigilant's counsel filed a second request for reexamination of the '669 patent, attempting to raise its "claim dependency" argument with the PTO.

"A denial of a motion to dismiss is an interlocutory order. Motions for reconsideration from interlocutory orders are governed by the standards for Rule 59(e) motions." *Westerngeco L.L.C. v. ION Geophysical Corp.*, 2011 U.S. Dist. LEXIS 91326, *12 (S.D. Tex. Aug. 15, 2011); *see also eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) ("Many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e).") Under Rule 59(e), the moving party "ordinarily must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *eTool*, 881 F. Supp. 2d, at 749. None of these facts is present here.[2]

"The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an '**extraordinary**' remedy that courts should use '**sparingly**.'" *Clower v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 30093, *5 (E.D.Tex. Mar. 7, 2012) (quoting *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)) (emphasis added). It is well-established that "district court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Crouch v. J.C. Penney Corporation, Inc.*, 564 F. Supp. 2d 636, 640 (E.D.Tex. 2008)

Fifth Circuit law advises "against granting a motion for reconsideration except under certain circumstances." *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 750 (E.D. Tex. 2012). "Motions to reconsider serve a very limited purpose: to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Andrews v. United States*, 2007 U.S. Dist. LEXIS 58772, *6 (E.D.Tex. Aug. 10, 2007) (citations omitted). Reconsideration of an order is

---

2   Vigilant does not argue that an intervening change in controlling law has occurred or that newly-available evidence is present. Accordingly, this opposition only addresses Vigilant's failure to show that the Court made a clear error of law in its May 13, 2013 Memorandum Opinion and

not warranted when there is "[m]ere disagreement with a district court's order." *Id.* "A party should not restate, recycle, or rehash arguments that were previously made. Further, litigants are expected to present their strongest case when the matter is first considered." *Andrews*, 2007 U.S. Dist. LEXIS 58772, *6-7 (internal citations omitted) (underlining added).

### B. Standard for Motions to Amend Contentions

The four factors this Court uses to determine whether a motion to amend should be granted include "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Arbitron, Inc. v. Int'l Demographics Inc.*, 2009 U.S. Dist. LEXIS 3191, *3-4 (E.D.Tex. Jan. 16, 2009).

### IV. ARGUMENT

#### A. The Court Correctly Ruled on Adrain's Motion to Amend His Disclosure of Asserted Claims

##### 1. Adrain was diligent

The party moving for reconsideration has the burden of showing that reconsideration of an order is proper. *eTool*, 881 F. Supp. 2d at 749. Vigilant has not shown that the Court made a clear error of law in finding that Adrain was diligent in filing his motion to amend his disclosure of asserted claims and infringement contentions ("Motion for Leave"). Adrain was diligent. Rather, Vigilant simply voices its belief that a less than two month period between the issuance of the Reexamination Certificate for the '669 patent and Adrain filing his Motion for Leave shows a lack of diligence.[3] Vigilant's argument that Adrain had "notice of the results of the Re-Exam by as early as May 22, 2012" is irrelevant. (Doc. 202, p. 6). The newly-added claims did not legally exist until

---

Order, or that there is some manifest injustice.
3   The period is even less when measured against Adrain's first attempt to meet and confer with

the issuance of the Reexamination Certificate for the '669 patent, and as such, could not be asserted until that time.

Vigilant is also incorrect that *S&W Enters., LLC v. Southtrust Bank of Ala. NA*, 315 F.3d 533 (5th Cir. 2003) has ("somewhat") analogous facts to the case at bar. (Doc. 202, p.5). The facts of *S&W Enters.* are not analogous to the present facts. In *S&W Enters.*, the plaintiff sought leave to amend its *complaint* after the deadline for amending pleadings had passed, in order to conform its complaint to the requirements of a Texas Supreme Court decision, which decision had been made *prior* to the deadline to amend pleadings. *Id*. at 534-535. The Court found that the plaintiff failed to offer a reason for why it could not meet the deadline of the Court's scheduling order, or why the plaintiff failed to assert facts that it new in its original complaint. *Id*., at 536. The Court also found that a new cause of action would be added. *Id*. None of the *S&W Enters* facts exist here. Here, as the Court correctly noted, "Adrain could not have amended its contentions to add newly-issued claims before the reexamination certificate issued" on August 21, 2012. (Doc. 181, pp. 2-3). Further, Adrain's amendment of his infringement contentions does not add a new cause of action or change the existing cause of action.

*O2 Micro Int'l, Ltd. V. Monolithic Power Sys.*, 467 F.3d 1355 (Fed. Cir. 2006) is also distinguishable. The plaintiff in *O2 Micro* submitted its preliminary infringement contentions on April 19, 2002 and its final infringement contentions on January 16, 2003. *Id*. at 1360. *O2 Micro* moved to amend its infringement contentions on June 6, 2003, "over three months after [a deposition]" that provided the plaintiff with a new infringement theory. *Id*. at 1361. The court found the delay unreasonable because *O2 Micro* "had reason to know of [this new infringement] theory… as early as March 2002," over a year earlier. *Id*., at 1366-1367. Here, a year did not elapse

---

Vigilant on that motion.

and Adrain filed his Motion for Leave less than two months after the Reexamination Certificate issued.

Further, as explained in more detail in Adrain's Motion for Leave, Adrain was delayed by *Vigilant* in filing his Motion for Leave, as Adrain was made to wait until September 20 and 24, 2012 to depose Vigilant's corporate witnesses. (Doc. 121, p. 4). Adrain filed his Motion for Leave within approximately four weeks of the completion of those depositions. Vigilant has not shown that the Court erred in holding that Adrain was diligent.

### 2.     The importance of the thing that would be excluded

Vigilant fails to provide sufficient reasoning for why it believe the Court's holding that the newly-added claims are important was "flawed and arbitrary." (Doc. 202, p. 7). Vigilant attempts (incorrectly) to distinguish *Arbitron*, by arguing this case does not involve "a discovery of possibly new claim [sic] under an existing patent...but a fundamentally different series of Claims of a re-examined Patent." (Doc. 202, p. 7). Vigilant does not explain how the newly-added claims are "fundamentally different." Indeed, Adrain has not asserted "a fundamentally different series of claims." Rather, he has asserted claims that are almost identical to the originally-asserted claims. Adrain's Motion to Amend, as well as Adrain's Opposition to Vigilant's Emergency Motion for a New Trial Date and New Scheduling Order, both include a side-by-side chart illustrating the near identity of the newly-added claims. (Doc. 121, pp. 5-6; Doc. 210, pp. 6-7). Defendants are wrong in their belief that the reexamination claims are "fundamentally different" than the originally-asserted claims.

Moreover, even if there are any differences between the newly-added claims and the original claims, this does not diminish the importance of the newly-added claims in this lawsuit. Vigilant has made no effort to show that the newly-added claims are unimportant or that the Court erred in

holding that they were important. Vigilant's argument boils down to a mere complaint that it does not like the Court's ruling. This is insufficient grounds for the Court to reconsider its ruling.

### 3. Prejudice

Vigilant does not argue that the Court erred in holding that the prejudice to the Vigilant would be "de minimis at best." (Doc. 181, p. 4). Instead, Vigilant indicates that it "take[s] strong issue" with the Court's position. (Doc. 202, p. 8). This is an insufficient reason for the Court to reconsider its grant of Adrain's Motion for Leave. Vigilant's argument with regard to prejudice is that Vigilant has spent money to "comply with the Court's original schedule." (Doc. 202, pp. 8-9). Vigilant ignores the fact, however, that it would have had to comply with these deadlines regardless of whether the Court granted or denied Adrain's Motion for Leave. Vigilant's complaint that it will "now be forced to amend the Verdict Form, the Jury Instructions, the Pre-Trial Order, the Trial Exhibits, the Motions *in limine* and the Expert Reports to reflect the Court's Order" is misplaced. (Doc. 202, p. 9). As explained in Plaintiff's Opposed Motion to Modify Docket Control Order, Vigilant opposed an extension of the deadlines for submission of the Joint Pretrial Order, Jury Instructions, Form of the Verdict, and motions *in limine*. (Doc. 202, pp. 1-2). The fact that Vigilant "will now be forced to amend" these documents was brought about by Vigilant's own actions. Moreover, amending the Joint Pretrial Order, Jury Instructions, and Form of the Verdict to incorporate the newly-added claims requires only a minimal amount of time and effort. Vigilant also seems to have forgotten that it received a two month extension of the trial date when the Court moved trial from June 7, 2013 to August 5, 2013.

Vigilant further complains, without explanation, that it was unable to file its motion for summary judgment until after responding to plaintiff's Motion for Leave. (Doc. 202, pp. 9-10). Vigilant offers no explanation to substantiate its argument. Not only is this assertion untrue

(Vigilant could have filed its motion for summary judgment at any time after the Court granted it leave to do so), but it has no relationship to the issue of prejudice to Vigilant.

Vigilant also complains that it is prejudiced because a new *Markman* hearing is necessary. (Doc. 202, p. 10). Vigilant claims that "the Court and the Plaintiff have been on Notice as early as November 26, 2012 that" Vigilant believed certain terms from the newly-added claims would have to be construed. *Id*. Despite this, however, Vigilant has completely resisted Plaintiff's efforts to determine Vigilant's constructions for those terms. Adrain discussed in detail in his Opposition to Vigilant's Emergency Motion for a New Trial Date and New Scheduling Order his attempts to cooperate with Vigilant in the construction of any newly-added terms. (Doc. 210, p. 3). Any prejudice Vigilant may now perceive is entirely its own doing. Moreover, a new *Markman* hearing is *not* necessary here. As discussed in detail in Opposition to Vigilant's Emergency Motion for a New Trial Date and New Scheduling Order, Vigilant cannot dispute that their CarDetector system includes an infrared camera. (Doc. 210, p. 8).

Vigilant has not shown (or even attempted to show) that the Court made a clear error of law in ruling that Vigilant would not be prejudiced by granting Adrain's Motion for Leave. The best that Vigilant can muster is to complain about the situation in which it has placed itself. This is not clear error or manifest injustice, and is not appropriate grounds for the Court to reconsider its ruling.

### 4. The availability of a continuance

Vigilant does not argue that the Court erred in holding that "any potential prejudice to Vigilant would be alleviated" by the Court's movement of the trial date to August 5, 2013. (Doc. 181, p. 4). Rather, Vigilant merely complains, without explanation, that it does not have enough time to prepare for trial. (Doc. 202, p. 11). Vigilant also complains that the Court's movement of the trial date was without "consultation with the parties" and that "the Court apparently forgot its own activities in this regard while writing this Memorandum Opinion and Order." (Doc. 202, p. 11).

The Court has the inherent power to control its own docket.  The dates the Court chose for trial of this matter do not amount to clear error or manifest injustice, and do not provide any basis for the Court to reconsider its ruling on Adrain's Motion for Leave.

Further, as discussed in more detail in Adrain's Opposition to Vigilant's Emergency Motion for a New Trial Date and New Scheduling Order, Vigilant has had since October 2012 to prepare defenses against the newly-added claims and to conduct discovery with regard thereto.  (Doc. 210, p. 2-3).  Vigilant, however, chose to not undertake additional discovery, prepare supplemental expert reports, or make any other effort to prepare for the event that the additional claims may be added.  *Id.*  Vigilant also does not specify why it needs or should be entitled to a new *Markman* process or conduct additional discovery (including a second round of depositions of Adrain).  (Doc. 202, p. 11).  As discussed in Adrain's Opposition to Vigilant's Emergency Motion for a New Trial Date and New Scheduling Order, Vigilant has resisted any attempt to mitigate any of Vigilant's perceived prejudice from the trial setting.  (Doc. 210, p. 4).

**B.     The Court Correctly Ruled on Vigilant's Motion for Summary Judgment**

**1.     Claims 1-3 and 7-10 are withdrawn**

In patent cases, "the existence of a case or controversy must be evaluated on a claim-by-claim basis.  Jurisdiction must exist at all stages of review, not merely at the time the complaint [was] filed, . . . a counterclaimant must show a continuing case or controversy with respect to withdrawn or otherwise unasserted claims." *Fox Group, Inc. v. Cree, Inc*., 700 F.3d 1300, 1307 (Fed. Cir. 2012) (internal citations omitted).  In *Fox Group*, the patentee had originally asserted infringement of "one or more claims," but had narrowed the scope of its asserted claims prior to the Court ruling on the parties' summary judgment motions.  *Id*., at 1308.  The Federal Circuit ruled that "both parties were on notice" of the claims at issue "and they knew which claims were at issue before the district court ruled on the parties' summary judgment motions." *Id*.  Accordingly, the

court found that "[t]here was no case or controversy with respect to the unasserted claims at the time of the summary judgment motions; therefore the district court did not have jurisdiction over the unasserted claims." *Id*.

The Court did not err in holding moot Vigilant's Motion for Summary Judgment as to claims 1-3 and 7-10 of the '669 patent. The same situation as in *Fox Group* presents itself here. Adrain withdrew claims 1-3 and 7-10 from his asserted claims and infringement contentions *prior* to the Court ruling on Vigilant's motion for summary judgment. Vigilant admits that it knew these claims had been withdrawn. (Doc. 202, p. 12, n. 4).[4] Vigilant cannot avoid this jurisdictional hurdle in its attempt to have the Court devote time and resources to determining infringement of claims that are not at issue in the instant litigation. The Court therefore did not err in holding moot Vigilant's motion for summary judgment as to claims 1-3 and 7-10.

## 2. The Court did not err in its holding regarding claim 6

Reconsideration of an order is inappropriate where a party merely "restate[s], recycle[s], or rehash[es] arguments that were previously made." *Andrews*, 2007 U.S. Dist. LEXIS 58772, *6-7 (internal citations omitted). Vigilant has merely recycled its old argument from its summary judgment motion in "support" of its assertion that the Court should reconsider its ruling that claim 6 depends from the original claim 1 of the '669 patent. Vigilant's entire argument in this regard is either a cut-and-paste or paraphrasing of their arguments in their reply brief from the summary judgment motion. (Doc. 202, p. 13); *compare* Vigilant's Reply Brief (Doc. 138, pp. 14-16). Vigilant has offered *no* new arguments that would support their contention that the Court erred in holding that claim 6 depends from original claim 1. Vigilant's statement that the "Court's cursory

---

4   Vigilant's statement that "almost the entirety of Plaintiff's response in the Summary Judgment motion is not addressing the arguments as to Claims 1-3 and 7-10, but instead arguing that the Court should focus upon the added claims to the re-examined '669 Patent." (Doc. 202, pp. 12-13). This is untrue. Adrain's Opposition made note of the newly-added claims, but did not analyze

finding of Claim 6's dependency in the Court's Order is clear error" is conclusionary and ignores the Court's analysis and reasoning set forth in the Order.

## V. CONCLUSION

Vigilant has failed to establish any reason for the Court to reconsider the rulings in its May 13, 2013 Memorandum Opinion and Order.

                                                Respectfully submitted,

Dated: June 5, 2013        By:    /s/  John T. Polasek
                                              John T. Polasek
                                              State Bar. No. 16088590
                                              tpolasek@pqelaw.com
                                              C. Dale Quisenberry
                                              State Bar No. 24005040
                                              dquisenberry@pqelaw.com
                                              Jeffrey S. David
                                              State Bar No. 24053171
                                              jdavid@pqelaw.com
                                              POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
                                              6750 West Loop South, Suite 920
                                              Bellaire, Texas 77401
                                              Telephone: (832) 778-6000
                                              Facsimile: (832) 778-6010

                                              Otis W. Carroll
                                              State Bar No. 03895700
                                              nancy@icklaw.com
                                              Deborah Race
                                              State Bar No. 16448700
                                              fedserve@icklaw.com
                                              IRELAND, CARROLL & KELLEY, P.C
                                              6101 S. Broadway, Suite 500
                                              P.O. Box 7879
                                              Tyler, Texas 75711
                                              Telephone: (903) 561-1600
                                              Facsimile: (903) 581-1071

                                              S. Calvin Capshaw
                                              State Bar No. 03783900
                                              ccapshaw@capshawlaw.com

---

them in any particular detail.

Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
jrambin@capshawlaw.com
Capshaw DeRieux, LLP
114 East Commerce Avenue
Gladewater, Texas  75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Russell R. Smith
State Bar No. 18682310
rsmith@fairchildlawfirm.com
Fairchild, Price, Haley, & Smith, L.L.P.
1801 North Street
Nacogdoches, Texas 75963-1668
Telephone:  (936) 569-2327
Facsimile:  (936) 569-7932

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 5th day of June, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ John T. Polasek