IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOHN B. ADRAIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>VIGILANT VIDEO, INC.; and THE CITY OF PORT ARTHUR, TEXAS,<br><br>　　　　Defendants. | Case No. 2:10-cv-173<br><br>DEFENDANTS' REPLY IN SUPPORT OF THE MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181) |

Adrain's Opposition to Defendants' Motion to Reconsider the Court's May 13, 2013 Memorandum Opinion and Order ("Adrain's Opposition") is off the mark and ignores both the realities of this case as well as his own positions and statements made in other pleadings in this matter. Defendants met their burden to show that reconsideration is proper. The Court should reconsider the Memorandum Opinion and Order (*Dkt. No. 181*), and deny Adrain's Motion to Amend the Contentions of Infringement ("Motion to Amend"), and grant in whole Defendants' Motion for Summary Judgment.[1]

1. **The Court erred in allowing the Motion to Amend the Contentions of Infringement**

    *A.　Prejudice*

---

[1] In reply to footnote 1 of Adrain's Response, defendants disagree with the implication that the sole purpose behind the current re-examination of the '669 patent is raise the claim dependency issue with the USPTO. The defendants believe the reexamination will put to rest any question whether the claims of the '669 patent are valid at all, and in particular as to the claims being asserted against the defendants in this case. Although Mr. Hubert guessed as to which claims would be asserted against the defendants when the first reexamination was requested, there is no ambiguity in the matter now. Defendants fully expect the USPTO will reject claim 6 and the newly added claims, based upon the existence of prior art.

**Page 1 - DEFENDANTS' REPLY IN SUPPORT OF THE MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

Defendants are highly prejudiced by the allowance of the Motion to Amend in this matter. The prejudice in this matter is clear: after almost 3 years of litigation on the verge of trial the Court allowed amended claims to be added, all while not providing for any discovery or other matters pertaining to expert reports, etc. The prejudice is profound and therefore the Court should reconsider the May 13, 2013 ruling and deny the motion to amend.

Plaintiff argues that defendants should have proceeded on essentially a "what if" scenario, in which defendants should have pursued two tracks of discovery and trial preparation in this case, in case the Court granted the Motion to Amend. As time passed (from October of 2012 to May of 2013), the perceived likelihood of the Motion to Amend being granted diminished. Thus, when the Court granted the Motion to Amend on May 13, 2013, the prejudice to defendants is great, now requiring defendants to not only seek discovery in this matter, but also to amend expert reports, which until May 13, 2013 were unnecessary. The Court erred as a matter of law and the Court's opinion should be reconsidered as to this point.

### B: *Adrain was not diligent*

Adrain argues that he was diligent, in part, by arguing that the "newly-added claims did not legally exist until the issuance of the Reexamination Certificate for the '669 patent, and as such, could not be asserted until that time." *See Adrain's Opposition, pp. 4-5.* This position is ironic because Adrain has taken the position that notwithstanding the fact that even though his Motion to Amend was not granted by the Court until May 13, 2013, the defendants "chose not to undertake additional discovery, prepare supplemental expert reports, or make any other effort to

prepare for the event that the additional claims may be added." *See Adrain's Opposition, p. 9.*[2]

Additionally, plaintiff is incorrect that the S&W Enters., LLC v. Southtrust Bank of Ala, NA, 315 F3d 533 (5th Cir. 2003) is not applicable to facts in this matter. As pointed out by Plaintiff the plaintiff in that case sought to amend the complaint. *Id, at 534-535.* Here, the Plaintiff moved to amend his contentions of infringement adding 10 new additional claims against the defendants, which by his own admission, now asserts new claims regarding the infrared capability of the camera used in Vigilant's systems.

### C. *The claims to be excluded are not important to this matter and the continuance provided by the Court to August 5, 2013 is insufficient*

Plaintiff offers no substantive response to this argument, other than to opine that the newly added claims are substantively similar to the previous claims. The new claims rely upon infrared, radar, thermal, and viewing through opaque materials. Defendants have shown the Court why the claims should not be allowed. As discussed *supra* in this Reply, due to the delay in ruling on the Motion to Amend, a continuance of the trial to August 5, 2013 is insufficient to allow the defendants to prepare for trial.

### 2. The Court erred in holding in Claims 1-3 and 7-10 were moot.

The plaintiff's pattern of misrepresentations in this matter clearly caused the Court to err in this matter, because Claims 1-3 and 7-10 were not moot. Plaintiff clearly indicated an

---

[2] Adrain's position on this issue points to the error of law by the Court: the Court's finding that the delay by Adrain in filing his Motion to Amend was not unreasonable because the Re-examination Certificate was not issued until August 21, 2012, i.e., it had not become legally binding upon Adrain and therefore he had no notice until that date. However, plaintiff was aware as early as May 2012 that all these claims would be disallowed, amended or cancelled. Adrain's motion in October of 2012 was not timely in any fashion. *See e.g., Dkt. No. 202-2 (Exhibit 1 to Defendants' Motion for Reconsideration).*

**Page 3 - DEFENDANTS' REPLY IN SUPPORT OF THE MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**

acquiesce to dismissal of claims 1-3 and 7-10 if the Court granted the Motion to Amend. However, plaintiff never moved to amend the complaint in this case, which includes the original '669 patent, which all attendant claims including claims 1-3 and 7-10 in this case. *See Dkt. No. 1-1.* Thus, those claims, which are embodied by the complaint itself in this matter, cannot simply be perceived as moot, but rather they are subject to dismissal based upon the arguments set forth in defendants motion for summary judgment. Further, it is error of law to allow the amended claims to be asserted in this action when the complaint (in this case) itself frames the issues in this case. Whether or not the Contentions of Infringement have been amended, the complaint itself is the controlling document in this matter. Therefore, the Court should reconsider its May 13, 2013 holding and grant the motion for summary judgment on this matter.

### 3. The Court erred as a matter of law regarding MPEP Sec. 2260.01

The Court committed an error of law in applying MPEP Sec. 2260.01. *See Dkt. No. 181, pp. 5-6.* There is no discussion in MPEP 2260.01 as to what happens when a base claim (in this case, claim 1) is cancelled, but the intervening claim (in this case, claim 2) is amended to depend upon a newly added claim (in this case, claim 51), and which the claim which is dependent upon the intervening claim (in this case claim 6) is not amended.

MPEP 2260.01 reads in pertinent part:

> "If a base patent claim has been rejected or cancelled, any claim which is directly or indirectly dependent thereon should be allowed if it is otherwise allowable. The dependent claim should *not* be objected to or rejected merely because it depends on a rejected or cancelled claim. No requirement should be made for rewriting the dependent claim in independent form. As the original patent claim numbers are not changed in a reexamination proceeding, the content of the cancelled base claim would remain in the printed patent and would be available to be read as a part of the allowed dependent claim." (*Italics* in original).

Thus, the language of MPEP 2260.01 does not contemplate nor teach what happens when an intervening dependent claim is amended to depend on a new base claim, in this case claim 51, wherein the original base claim (in this case claim 1) has been cancelled. Essentially, claim 6 is not dependent upon the old claim 1 which was cancelled - claim 6 is dependent upon claim 2, which was amended to now depend upon the new claim 51. Therefore, the limitations of the amended claim 2 now impose those limitations upon the unreexamined Claim 6 which specifically depends on claim 2.[3]

Because claim 6 was not amended, and the dependency of claim 6 is still intact upon the newly amended claim 2, MPEP 2260.01 as applied by the Court in this matter is in error. The Court should reconsider the ruling and find that claim 6 is dependent upon claim 2 which has been amended to be dependent upon claim 51.

DATED: June 17, 2013           **THOMPSON & BOGRÁN, P.C.**

                                s/Roy B. Thompson

                                ---
                                Roy B. Thompson, OSB 82501
                                15938 SW Quarry Rd., Suite B-6
                                Lake Oswego, OR 97035
                                Phone:      (503)245-6600
                                Cellphone:  503-381-9945
                                Facsimile:  503-244-8399
                                E-mail:     roythompson@comcast.net
                                Of Attorneys for Defendants

---

[3] If claim 2 had not been amended, and the USPTO had determined during the reexamination that unamended claim 2 was patentable, then MPEP 2260.01 would apply to claim 2, i.e., it's original dependency upon claim 1 would continue. However, that is not what occurred. Claim 2 was amended to now depend upon claim 51 (which amendment to claim 2 is to be seen as a new limitation, i.e., that a digital camera).

**Page 5 - DEFENDANTS' REPLY IN SUPPORT OF THE MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2013 MEMORANDUM OPINION AND ORDER (Dkt. No. 181)**