IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOHN B. ADRAIN,<br><br>Plaintiff,<br><br>v.<br><br>VIGILANT VIDEO, INC. and THE CITY OF PORT ARTHUR, TEXAS,<br><br>Defendants. | Case No. 2:10-CV-173-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-SUR-REPLY TO MOTION TO DISMISS (DKT. 200) WITH NEW INFORMATION**

Pursuant to Local Rule CV-7(k), Defendants Vigilant Videos and the City of Port Arthur move for leave to file a sur-sur-reply in support of Defendants' Motion to Dismiss (Dkt. 200) in order to inform the Court of new information.

**BACKGROUND**

On May 21, 2013, defendants filed a motion to dismiss plaintiff's Complaint as the Complaint attaches the incorrect version of the '669 patent at issue in this case. (Dkt. 200.) Plaintiff filed its response on May 31, 2013, (Dkt. 209), defendants filed their reply on June 7, 2013, (Dkt. 214), and plaintiff filed his sur-reply on June 14, 2013 (Dkt. 217).

On June 11, 2013, defendants learned that plaintiff had filed three complaints alleging infringement of the '669 patent at issue in this case. (See Declaration of Roy B. Thompson). These complaints fix the exact problem which defendants have pointed out in their motion to dismiss: The complaints attach the correct reexamined version of the '669 patent. (See Exhibit A to Exhibits 1, 2, and 3).

**Page 1 - DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-SUR-REPLY TO MOTION TO DISMISS (DKT. 200) WITH NEW INFORMATION**

## ARGUMENT

### A. Plaintiff's Actions Prove that the Current Complaint is Deficient.

In defending against the motion to dismiss, plaintiff has consistently taken the position that there is no problem with his Complaint against Vigilant Videos and the City of Port Arthur.[1] In his sur-reply filed June 14, plaintiff asserts, "Adrain has properly pled his claim for patent infringement," and "Adrain does not need to replead to identify the Reexamination Certificate." (Dkt. 217, pp. 1, 2.) Yet plaintiff has now done the exact thing he said he does not need to do: *He has pled the reexamination certificate in three new lawsuits.* Based on these three new lawsuits, it appears that plaintiff knows that the reexamined version of the patent needs to be attached to any lawsuit (including Vigilant's) regarding the '669 patent.

### B. Judicial Estoppel Prevents Plaintiff from Taking Different Positions

Plaintiff should be estopped from claiming a position different than the one he is taking in three other lawsuits. The doctrine of judicial estoppel preserves "judicial integrity" as "judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *New Hampshire v. Maine,* 532 U.S. 742, 750 (2001) (internal quotation omitted) (equitably barring New Hampshire from asserting a different boundary than it had asserted in a prior lawsuit).

"The circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," *Id., quoting Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir. 1982). However, a court might typically consider whether a party's later position is clearly inconsistent with its earlier position, whether the earlier court

---

[1] Despite plaintiff's protestations that his complaint is fine, in the last sentence of plaintiff's response, plaintiff moved to amend his complaint. (Dkt. 209, p. 8)

**Page 2 - DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-SUR-REPLY TO MOTION TO DISMISS (DKT. 200) WITH NEW INFORMATION**

adopted the earlier position, and whether the party espousing the position would gain an unfair advantage or the other side would be prejudiced. *New Hampshire*, 532 U.S. at 750-751.

Defendants acknowledge that this Court has not yet ruled on the Complaint, and that therefore there is no judicial system adoption of any particular position yet. However, plaintiff should not put this Court in the position of making a ruling that allows plaintiff to take contrary positions in different lawsuits. Plaintiff should be estopped from arguing that he can have just the outdated version of the '669 patent in one lawsuit, but he can have the reexamined version of the '669 patent in three other lawsuits.

## CONCLUSION

Defendants Vigilant Videos and the City of Port Arthur respectfully ask permission to have this new information taken into consideration by the Court by allowing defendants to submit the proposed sur-sur reply filed simultaneously herewith as Exhibit 4.

DATED: June 17, 2013

THOMPSON BOGRÁN, P.C.
/s/ Roy B. Thompson
Roy B. Thompson, OSB 82501 (*pro hac vice*)
15938 SW Quarry Rd., Suite B-6
Lake Oswego, OR 97035
Telephone:   503-245-6600
Cellphone:   503-381-9945
Facsimile:   503-244-8399
E-mail:   roythompson@comcast.net

MARK S. HUBERT, PC
Mark S. Hubert, OSB 98256 (*pro hac vice*)
e-mail: markhubert@pacifier.com
2300 SW First, Suite 101
Portland, OR 97201

Telephone:   503-234-7711
Facsimile:   503-224-0092

Attorneys for Defendants

**Page 3 - DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-SUR-REPLY TO MOTION TO DISMISS (DKT. 200) WITH NEW INFORMATION**

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 14, 2013, I attempted to speak with John T. Polasek and on June 14, 2013 and June 17, 2013 we exchanged emails regarding this motion and he objects to this motion.

/s/ Roy B. Thompson

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-SUR-REPLY TO MOTION TO DISMISS (DKT. 200) WITH NEW INFORMATION** on

C. Dale Quisenberry  dquisenberry@pqelaw.com
John T. Polasek  tpolasek@pqelaw.com
Jeffrey Scott David  jdavid@pqelaw.com
**POLASEK QUISENBERRY & ERRINGTON, LLP**
6750 West Loop South, Suite 920
Bellaire TX  77401
Telephone:    832-778-6000
Facsimile:    832-778-6010
   Of Attorneys for Plaintiff

S. Calvin Capshaw  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux  ederieux@capshawlaw.com
**CAPSHAW DERIEUX, LLP**
Energy Centre
1127 Judson Rd., Suite 220
PO Box 3999 (75606-3999)
Longview TX  75601-5157
Telephone:    903-236-9800
Facsimile:    903-236-8787
   Of Attorneys for Plaintiff

via the Court's CM/ECF sytem.

DATED: June 17, 2013

**THOMPSON BOGRÁN, P.C.**
 /s/ Roy B. Thompson
Roy B. Thompson, OSB 82501 (*pro hac vice*)
15938 Quarry Road, Suite B-6
Lake Oswego, OR 97035
   Of Attorneys for Defendants