# EXHIBIT A

# THOMPSON ♦ BOGRÁN, P.C.
A PROFESSIONAL CORPORATION

ROY B. THOMPSON
ALSO ADMITTED IN NEW YORK
L.L.M. IN TAXATION

AMY M. BOGRÁN
L.L.M. IN TAXATION

15938 SW QUARRY RD.
SUITE B-6
LAKE OSWEGO, OR 97035

TELEPHONE (503) 245-6600
FACSIMILE (503) 244-8399

RoyThompson@comcast.net
AmyMBogran@comcast.net

June 28, 2013

The Honorable Rodney Gilstrap
US District Court for the
    Eastern District of Texas
100 East Houston Street
Marshall, TX 75670

    Re:    John B. Adrain v. Vigilant Video, Inc. and The City of Port Arthur, Texas
            Civil Action No. 2:10-CV-173
            Letter Brief Concerning Defendants' Motion for Summary Judgment
            as to new claims 30-32, 35-39, and 41-42 of the reexamined '669 patent

Dear Judge Gilstrap:

       Defendants Vigilant Video, Inc. and The City of Port Arthur, Texas (herein referred to collectively as "Defendants") respectfully request permission to file a motion for summary judgment as to the new claims 30-32, 35-39, and 41-42 ("new claims") of the reexamined '669 patent.

       The Defendants seek permission to file a motion for summary judgment in this matter on all matters in regards to the new claims now asserted against defendants by plaintiff in this action. The Court recently granted the plaintiff's Motion for Leave to Amend Disclosure of Asserted Claims and Infringement Contentions ("Motion to Amend") on May 13, 2013. *See Dkt. No. 181, Memorandum Opinion and Order.* The Court has previously granted defendants permission to file a Motion for Summary Judgment in this matter. *See Dkt. No. 120.* However, that Motion for Summary Judgment only dealt with the then existing claims asserted against defendants, claims 1-3 and 6-10 of the original '669 patent, of which claims 1-3 and 7-10 had either been cancelled or amended as a result of a reexamination of the '669 patent in the USPTO.

       In the Court's Memorandum Opinion and Order (which covered both the Motion to Amend and defendant's Summary Judgment Motion), the Court held that because "the Court has granted Plaintiff leave to amend its Infringement Contentions, none of the newly asserted claims depend from claim 51....Accordingly, Defendants' first request is **moot** and the Court turns to the issue of intervening rights." *Memorandum Opinion and Order, p. 4 (emphasis added; footnote omitted).* In the same opinion, the Court held that because the new terms (claims 30-32, 35-39, and 41-42 of the reexamined '669 patent) "are very similar except for an additional limitation in claim 30 that relates to infrared cameras" and that the "originally-asserted claims 2-3 and 6-10 are identical to the new-issued claims 31-32 and 35-39, except for

The Honorable Rodney Gilstrap
Adrain v. Vigilant Video, Inc., et al
Letter Brief
June 28, 2013
Page 2

the latters' dependence on claim 30 rather than claim 1," then "no new terms need to be construed from the addition of these claims, and Plaintiff's infringement theories would remain the same." *See Memorandum Opinion and Order, pp. 3-4.* Thus, the Court's own statements indicate that the Court has not considered those arguments presented by the defendants' first motion for summary judgment as to "very similar" claims now asserted by plaintiff in this case.

In the requested motion for summary judgment, defendants intend to present arguments on the following issues, although defendants reserve the right to add any additional and relevant arguments not contained in this letter brief:

1. The newly added claims are not pled in this case, because the Complaint filed and served upon Defendants in this action, attaches as Exhibit A, the original '669 patent, which does not reference or discuss in any manner the newly added claims. Although this area is subject to a current Motion to Dismiss filed by Defendants (*see Dkt. No. 200*), defendants seek to raise this matter on Summary Judgment as well;

2. The newly added claims are invalid based upon prior art, which includes, but is not limited to, US Patent 5,097,328 (Boyette) and US Patent 4,878,248 (Shyu, et al), both of which disclose the use of infrared cameras. It should be noted that claims 6, 30-32, 35-39, and 41-42 of the reexamined '669 patent are subject to a Request for Reexamination with the USPTO, and that the Request for Reexamination has raised the invalidity issues related to prior art, including the Boyette and Shyu patents; and

3. Those same issues raised by defendants in the first Motion for Summary Judgment which were not ruled upon by the Court due to the Court's finding that those issues were "moot" due to the Court's granting of plaintiff's Motion to Amend, including but not limited to whether or not defendants alleged infringing system compares "image data" to "image data" as alleged by plaintiff in this case.

If defendants are permitted to move the court for summary judgment, defendants will present evidence, in the form of a Declaration and/or Affidavit (and attached exhibits) which will set forth and explain the prior art as discussed above, and a Declaration and/or Affidavit (and attached exhibits) from at least one individual who has the appropriate technical expertise, experience and understanding of the Vigilant Video system, which is the focus of plaintiff's claims of infringement, the CarDetector System. This individual will express the opinion that Vigilant Video's CarDetector System does not compare image data to reference image data, nor does the system compare image data to any other image data.

FRCP 56(a) sets forth the standard of review for summary judgment motions and states in pertinent part: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." It has been noted that the purpose of summary judgment is "to isolate, and then terminate, claims and defenses that are factually unsupported." *Federal Civil Rules Handbook, p. 1120* (2012) citing *Celotex Corp. v. Catrett*, 477 US 317, 323-324, 106 Sct 2548, 2552-2553, 91 LEd2d 265 (1986).

The Honorable Rodney Gilstrap
Adrain v. Vigilant Video, Inc., et al
Letter Brief
June 28, 2013
Page 3

    Although the Docket Control Order in this matter (*Dkt. No. 49*), set forth a dispositive motion filing deadline of April 3, 2013, the Court's granting of the Motion to Amend on May 13, 2013 came after the deadline, and thus such deadline set forth in the Docket Control Order should be disregarded in this matter. Further, the only limitation in FRCP 56 as to the timing of a motion for summary judgment is as follows: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." FRCP 56(b). Because the plaintiff has acknowledged that discovery is ongoing as to the newly added claims, the defendants are within their rights to file a motion for summary judgment at this time.

    Therefore, Defendants have a good faith argument which, if presented in full form to the Court, will present evidence that if unrebutted, would be the basis for the grant of summary judgment in favor of the defendants.

Sincerely,

Roy B. Thompson

cc:    Mark Hubert
       Ted Polasek