IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOHN B. ADRAIN, <br><br> Plaintiff, <br><br> v. <br><br> VIGILANT VIDEO, INC.; and THE CITY OF PORT ARTHUR, TEXAS, <br><br> Defendants. | Case No. 2:10-cv-173 <br><br> DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTARY BRIEF REGARDING DKT. NOS. 202 AND 203 REGARDING USPTO OFFICE ACTION CONCERNING US PATENT NO. 5,831,669 |

## MOTION

Pursuant to Local Rule CV-7(k), Defendants move for leave to supplement the briefing and record before this Court due to new information received from the United States Patent Office ("USPTO") arising from the second reexamination of Patent No. 5,831,669 ("patent-in-suit" and/or "'669 patent"). Defendants seek to supplement the briefing and the record pertaining to the following motions presently before the Court in order to inform the Court of new information pertinent to the case and to those motions. Defendants' counsel has conferred with plaintiffs' counsel regarding this motion and plaintiff is opposed to this motion. The motions sought to be supplemented by the attached documents are as follows :

1. Motion for Reconsideration re: 181 Memorandum & Opinion by Vigilant Video Inc. (Dkt. No. 202, et al); and

2. Emergency Motion to Expedite, Motion for Extension of Time to Complete Discovery,

Motion to Continue by Vigilant Video Inc. (Dkt. No. 203, et al).[1]

This Motion is supported by the following memorandum, the attached Declaration, and Exhibits attached thereto.

## MEMORANDUM

On June 26, 2013 the USPTO mailed to defendants counsel the following document, attached as Exhibit A to the proposed Supplementary Briefing. Exhibit A is the most recent Office Action/Communication from the USPTO concerning the second reexamination of the '669 patent. To summarize, Exhibit A sets forth the following information pertinent to the five motions set forth above:

1. The request for reexamination of the '669 patent has been granted (p. 1);

2. Substantial new questions of patentability exist affecting all the claims asserted by plaintiff against defendants (claims 6, 30-32, 35-39 and 41-42 of the '669 patent) are raised (p. 2, pp. 6-16);

3. Claim 6 depends upon claim 51 of the '669 patent (pp. 14-15);

4. There will be no extensions of time allowed in the reexam proceedings and that the reexam proceeding "will be conducted with special dispatch" pursuant to 35 USC § 305 and 37 CFR 1.550(a) (p. 16);

**A.    Motion for Reconsideration (Dkt. No. 202)**

The Motion for Reconsideration seeks the Court, in part, to reconsider the Court's

---

[1] The new information is also relevant to Defendants' Motion to Dismiss (Dkt. No. 200, et al), Defendants' Motion to Stay Pending The Outcome Of Second Reexam (Dkt. No. 223) and Defendants' Motion to Strike/*Daubert* Motion (Dkt. No. 224).

**Page 2 - DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTARY BRIEF REGARDING DKT. NOS. 202 AND 203 REGARDING USPTO OFFICE ACTION CONCERNING US PATENT NO. 5,831,669**

holding at p. 4, fn. 1 of the Court's Memorandum Opinion and Order (Dkt. No. 181) wherein the Court held as follows: "Claim 6 still exists as originally issued, including its dependence from the cancelled claim 1 and the original claim 2. *See* § MPEP 2260.01." However, the USPTO has stated as follows regarding the dependencies of claim 6 of the '669 reexamined patent:

"Claim 6 includes limitations of claim 2, from which claim 6 depends. Claim 6 further includes the limitations of claim 51, from which claim 2 depends. * * * Therefore, Netravali, Hwang, Mehdipour and Boyette in view of Shyu prior art technical teachings appear to be pertinent to allowability reasons of claim 51 and limitations of 2 and 6. " *Exhibit A, pp. 14-15.*

Thus, the USPTO has now stated unequivocally that chain of dependency for claim 6 runs from claim 2 to claim 51, and not claim 1 as originally argued by plaintiff and as held by the Court in this Court's Memorandum Opinion and Order from May 13, 2013 (Dkt. No. 181).

Defendants respectfully request the Court to allow the record and briefing to be supplemented with this new information regarding Defendants' Motion for Reconsideration (Dkt. No. 202).

### B. Emergency Motion (Dkt. No. 203)

The Emergency Motion (Dkt. No. 203) seeks, in part, a continuance from the Court for a new trial date in this matter due to the addition of the new claims, 30-32, 35-39, and 41-42 of the reexamined '669 patent.[2] Based upon the USPTO's Office Action and conclusions (at pages 6-

---

[2] It should be noted that Defendants' Motion to Stay (Dkt. No. 223) seeks a stay in this case due to the current reexamination of the '669 patent (and even anticipated the very same Office Action to be filed by the USPTO before August 30, 2013, which is attached as Exhibit A to this Motion). To date, plaintiff has not responded to the Motion to Stay, and the Court has not set a hearing date for said motion.

**Page 3 - DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTARY BRIEF REGARDING DKT. NOS. 202 AND 203 REGARDING USPTO OFFICE ACTION CONCERNING US PATENT NO. 5,831,669**

16 which discuss in detail the prior art references of Netravali, Hwang, Mehdipour, Boyette, and Shyu "substantial new question[s]" regarding the patentability of claims 6, 30-32, 35-39, and 41-42 exist. *See Exhibit A, p. 16, ¶20.* Because extensions of time will not be permitted in this reexamination proceeding (*Exhibit A, p. 16*), and Adrain is allowed two (2) months from the date of the mailing of the Office Action to respond to the office action (*Exhibit A, p. 1*), then there is strong likelihood that an Order granting a continuance (or staying the case as requested in Dkt. No. 223) for up to six to nine months will allow the USPTO to finalize its determination as to the claims asserted against defendants in this action. Thus, for purposes of judicial economy (as well as for all parties in this matter), resetting the trial date in this matter would provide some certainty to exist as to the validity of any and/or all claims asserted against defendants in this action.

Defendants respectfully request the Court to allow the record and briefing to be supplemented with this new information regarding Defendants' Emergency Motion (Dkt. No. 203).

///
///
///
///
///
///
///
///

**Page 4 - DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTARY BRIEF REGARDING DKT. NOS. 202 AND 203 REGARDING USPTO OFFICE ACTION CONCERNING US PATENT NO. 5,831,669**

## CONCLUSION

Defendants respectfully request the Court's permission to have this new information taken into consideration by the Court by allowing defendants to submit the Proposed Supplementary Briefing for the Motion for Reconsideration (Dkt. No. 202) and Emergency Motion (Dkt. No. 203), filed simultaneously herewith as Exhibit B.

DATED: July 1, 2013                     THOMPSON & BOGRÁN, P.C.

                                        s/Roy B. Thompson
                                        _____
                                        Roy B. Thompson, OSB 82501
                                        15938 SW Quarry Rd., Suite B-6
                                        Lake Oswego, OR 97035
                                        Phone:      (503)245-6600
                                        Cellphone:  503-381-9945
                                        Facsimile:  503-244-8399
                                        E-mail:     roythompson@comcast.net
                                        Of Attorneys for Defendants

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 1, 2013, I left a voicemail with J. Ted Polasek regarding this Motion and he objected to the Motion.

                                        s/Roy B. Thompson
                                        _____
                                        Roy B. Thompson, OSB 82501

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTARY BRIEF REGARDING DKT. NOS. 202 AND 203 REGARDING USPTO OFFICE ACTION CONCERNING US PATENT NO. 5,831,669** on the following:

<u>All Counsel Signed up for Electronic Notifications</u>

electronically via the Court's CM/ECF system.

DATED: July 1, 2013            **THOMPSON BOGRÁN, P.C.**

                                                  /s/ Roy B. Thompson
                                         Roy B. Thompson, OSB 82501 (*pro hac vice*)
                                         15938 Quarry Road, Suite B-6
                                         Lake Oswego, OR 97035
                                         Telephone:   503-245-6600
                                         Cellphone:   503-381-9945
                                         Facsimile:    503-244-8399
                                         **E-mail:       roythompson@comcast.net**
                                         Attorney for Defendant Vigilant Video Inc.